1
2
3
4

Patrick H. Dwyer, SBN 137743
P.O. Box 1705, Penn Valley, CA 95946
Tel: (530) 432-5407; Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com
Attorney Plaintiffs Estate of Gabriel Strickland,
N.S., and Shawna Alexander

5
6
7

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Estate of Gabriel Strickland, N.S., and Shawna Alexander,<br>        Plaintiffs,<br><br>vs.<br><br>Nevada County, California,<br>        operator of the Nevada County<br>        Sheriff's Office,<br>Sheriff Shannon Moon,<br>Deputy Taylor King,<br>Deputy Brandon Tripp,<br>Officer Joseph McCormack, and<br>Does 1-10;<br><br>City of Grass Valley, California,<br>        operator of the Grass Valley<br>        Police Department,<br>Chief Alex Gammelgard,<br>Officer Brian Hooper,<br>Officer Dennis Grube,<br>Officer Conrad Ball, and Does 11 to 15;<br><br>Wellpath Management, Inc., and the<br>        following personnel:<br>Brent Weldemere,<br>Richard Donofrio, and<br>Does 16 through 20;<br><br>        Defendants. | CASE NO.:<br><br><br>COMPLAINT FOR VIOLATION OF UNITED STATES CONSTITUTIONAL AND CIVIL RIGHTS UNDER 42 U.S.C. §1983, THE  REHABILITATION ACT, THE  AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA'S CONSTITUTION, CIVIL CODE § 52.1B, AND OTHER CALIFORNIA STATUTORY AND COMMON LAW<br><br><br>**JURY TRIAL DEMANDED** |

1

2                              **INTRODUCTION**

3         This action arises from the shooting death of 25-year-old Gabriel Strickland

4    on January 1, 2020, by law enforcement officers employed by the Nevada County

5    Sheriff's Office and Grass Valley Police Department.

6                            **JURISDICTION & VENUE**

7    1.    This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331

8    (because they arise under the United States Constitution) and 28 U.S.C. §

9    1343(a)(3) (because the action is brought to address deprivations under color of

10   state authority of rights, privileges, and immunities protected by the U.S.

11   Constitution). This Court has supplemental jurisdiction of the state claims under 28

12   U.S.C. § 1367.

13   2.    Venue is proper in the United State District Court for the Eastern District of

14   California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the

15   Eastern District of California and because many of the acts and/or omissions

16   described herein occurred in the Eastern District of California.

17   3.    Intra-district venue is proper in the Sacramento Division of the Eastern

18   District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted

19   herein arise from acts and/or omissions which occurred in the County of Nevada,

20   California.

21                              **EXHAUSTION**

22   4.    On June 17, 2020, Estate of Gabriel Strickland, N.S. and Shawna Alexander

23   submitted a government claim to the County of Nevada and City of Grass Valley

24   concerning the claims asserted in this action. The government claim was rejected by

25   both the County of Nevada and City of Grass Valley on August 3, 2020, as a matter

26   of law. See Cal. Gov. Code § 912.4(c).

27

28                                     2

1

## PARTIES

2   5.     Plaintiff Estate of Gabriel Strickland, the Estate of the decedent ("Gabriel

3   Strickland"), appears through Plaintiff N.S., the real-party-in-interest who brings

4   this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff N.S. brings this

5   action on behalf of Plaintiff Estate of Gabriel Strickland, as the

6   successor-in-interest. Plaintiff N.S.'s declaration regarding his status as Gabriel

7   Strickland's successor-in-interest pursuant to Cal. Code Civ. Proc. § 377.32

8   accompanies this complaint as Exhibit 1.

9   6.     Plaintiff N.S. is a resident of the State of Ohio, County of Ashtabula. Plaintiff

10   N.S. brings this action: (a) on behalf of Plaintiff Estate of Gabriel Strickland, in his

11   representative capacity as the successor-in-interest; and (b) on behalf of himself, in

12   his individual capacity. Plaintiff N.S. is the biological son of Gabriel Strickland.

13   7.     Plaintiff Shawna Alexander is a resident of the State of Montana, County of

14   Gallatin. Plaintiff Shawna Alexander is the biological mother of Gabriel Strickland

15   abd brings this action in her individual capacity.

16   8.     Defendant Nevada County, California is a "public entity" within the

17   definition of Cal. Gov. Code § 811.2 and is a final policy-making authority under

18   state law ("Nevada County"). Nevada County established and operates the Nevada

19   County Sheriff's Office ("NCSO") which is responsible for the staffing and operation

20   of the county jail at 925 Maidu Ave, Nevada City, CA 95959 (aka Wayne Brown

21   Correctional Facility, abbreviated herein as "WBCF").

22   9.     Defendant Sheriff Shannan Moon is, and at all relevant times was the Sheriff

23   for Nevada County acting within the scope of that employment and under color of

24   state law, including command, control and policy making authority. Defendant

25   Shannan Moon is sued in both her official and individual capacity.

26   10.    Defendant Deputy Taylor King is, and at all relevant times was, a law

27

28                                        3

1  enforcement officer employed by the NCSO, acting within the scope of that
2  employment and under color of state law. Defendant Taylor King is sued in his
3  individual capacity.

4  11.  Defendant Deputy Brandon Tripp is, and at all relevant times was, a law
5  enforcement officer employed by the NCSO, acting within the scope of that
6  employment and under color of state law. Defendant Brandon Tripp is sued in his
7  individual capacity.

8  12.  Defendant Officer Joseph McCormack is, and at all relevant times was, a law
9  enforcement officer employed by the NCSO, acting within the scope of that
10  employment and under color of state law. Defendant Joseph McCormack is sued in
11  his individual capacity.

12  13.  Defendant City of Grass Valley is a "public entity" within the definition of
13  Cal. Gov. Code § 811.2 and is a final policy-making authority under state law.
14  Grass Valley established and operates the Grass Valley Police Department
15  ("GVPD").

16  14.  Defendant Chief Alex Gammelgard is, and at all relevant times was, a law
17  enforcement officer and the Police Chief for the GVPD, acting within the scope of
18  that employment and under color of state law, including command, control and
19  policy making authority. Defendant Alex Gammelgard is sued in his individual
20  capacity.

21  15.  Defendant Officer Brian Hooper is, and at all relevant times was, a law
22  enforcement officer employed by the GVPD, acting within the scope of that
23  employment and under color of state law. Defendant Brian Hooper is sued in his
24  individual capacity.

25  16.  Defendant Officer Dennis Grube is, and at all relevant times was, a law
26  enforcement officer employed by the GVPD, acting within the scope of that

27
28                                    4

employment and under color of state law. Defendant Dennis Grube is sued in his individual capacity.

17.    Defendant Officer Conrad Ball is, and at all relevant times was, a law enforcement officer employed by the GVPD, acting within the scope of that employment and under color of state law. Defendant Conrad Ball is sued in his individual capacity.

18.    Defendant Wellpath Management, Inc. ("Wellpath"), formerly known as, and/or doing business in California as Correctional Medical Group Companies, Inc. (California Corporation No. C3521984) ("CMGC"), is the owner and/or controls California Forensic Medical Group, Inc. ("CFMG", California Corporation No. C1054341, FTB suspended), which provided contract medical services to Defendant Nevada County at the WBCF at all relevant times to this complaint.  For purposes of this complaint, any reference to Wellpath shall include CMGC and CFMG.

19.    Defendant Brent Weldemere is, and at all relevant times was, an employee or contractor of Defendant Wellpath, acting within that scope of employment as a nurse at the WBCF. Defendant Brent Weldemere is sued in his individual capacity.

20.    Defendant Richard Donofrio is, and at all relevant times was, an employee or contractor of Defendant Wellpath, acting within that scope of employment as a nurse at the WBCF. Defendant Richard Donofrio is sued in his individual capacity.

21.    Defendants Does 1 to 10 are and/or were agents or employees of the NCSO, acting within the scope of that employment and under color of state law as senior officers who have been delegated command, control, and or policy-making authority. Defendant DOES 1 to 10's true and correct names and identities are not currently known. Defendants Does 1 to 10 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

22.    Defendants Does 11 to 15 are and/or were agents or employees of the GVPD,

acting within the scope of that employment and under color of state law as senior officers who have been delegated command, control, and or policy-making authority. Defendant Does 11 to 15's true and correct names and identities are not currently known. Defendants Does 11 to 15 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

23.     Defendants Does 16 to 20 are and/or were agents or employees of Defendant Wellpath and/or CMGC and/or CFMG acting within the scope of that employment and under color of state law through Defendant Wellpath's contract to provide medical services to the NCSO by and through CMGC and/or CFMG.  Defendant Does 11 to 15's true and correct names and identities are not currently known. Defendants Does 11 to 15 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## FACTUAL ALLEGATIONS

24.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

25.     On January 1, 2020, at approximately 12:46 p.m., Nevada County Region Dispatch received reports that a man was walking on Squirrel Creek Road with "what appeared to be a shotgun" but that the man "didn't seem like upset or anything."

26.     The man reported was 25-year-old Gabriel Strickland and the "shotgun" he carried was a black toy airsoft rifle with an orange tip on the barrel, demarcating its status as a replica, not a real-firearm.

27.     On or about December 26, 2019, Gabriel Strickland was arrested and taken to the Defendant NCSO's WBCF where he was booked and incarcerated.  Upon intake, Defendants NCSO and Wellpath performed a physical and mental intake

wellness check that noted that Gabriel Strickland urgently needed a mental health evaluation.

28.     Defendants NCSO and Wellpath were fully aware that Gabriel Strickland had existing mental health issues because they had had provided medical and mental health care to Gabriel Strickland on several prior occasions when he had been in custody at the WBCF.  In early 2016, a doctor employed by Defendant Wellpath diagnosed Gabriel Strickland with bipolar disorder, PTSD, and anxiety disorder.  Since that mental evaluation in early 2016, Gabriel Strickland had been in custody at the WBCF on at least two other occasions.  Plaintiffs are informed and believe, and on that basis allege that Defendants NCSO and Wellpath did not provide Gabriel Strickland with further mental health examinations or mental health care or refer him to Nevada County's Behavioral Health Department or to a third party mental health provider.

29.     While in custody at WBCF on or about December 26 to 28, 2019, Defendants NCSO and Wellpath continued to monitor Gabriel Strickland and they observed unusual conduct and verbal expressions indicating that he had serious, active mental health issues.  However, neither Defendant NCSO nor Wellpath provided Gabriel Strickland with an appropriate mental health examination or mental health care while incarcerated during this period.  Plaintiffs are informed and believe, and on that basis allege, that despite their knowledge of Gabriel Strickland's need for mental health evaluation and care, neither Defendant NCSO nor Wellpath referred him to any other Defendant Nevada County department, such as Behavioral Health, or to any outside third party providers, for further mental health evaluation and care. Plaintiffs are further informed and believe, and on that basis allege, that neither Defendant NCSO nor Wellpath took any action to place Gabriel Strickland under involuntary hold for psychiatric evaluation under

1   California's Welfare & Institution's Code §§5000 et seq., in particular §5150.

2   30.    Defendants NCSO and Wellpath knew, or should have known, that as a

3   result of Gabriel Strickland's untreated mental health disability, he was in a

4   seriously impaired mental state that probably included, *inter alia*, psychological

5   delusions and/or suicidal ideations that made him: (a) unable to provide for a home

6   for himself; (b) a danger to himself and/or to others in the immediate to near future

7   (i.e., within hours to a few days of his release); and (c) incapable of understanding

8   and/or reasonably responding to the commands of law enforcement in the field.

9   31.    Plaintiffs are further informed and believe, and on that basis allege, that

10   while Gabriel Strickland was in custody at the WBCF between on or about

11   December 26 to 28th, 2019, neither Defendant NCSO nor Wellpath prepared any

12   report about Gabriel Strickland's mental health status (or if a report was prepared

13   that it was an inaccurate report) for the Nevada County Probation Department, the

14   Nevada County District Attorney's Office, or the Nevada County Superior Court.

15   32.    After receiving communications from dispatch and after Defendant GVPD's

16   law enforcement officer(s) Defendants Brian Hooper, Denis Grube, and/or Conrad

17   Ball, physically drove past Gabriel Strickland as he walked along Squirrel Creek

18   Road, in front of the Oak Super Market, and then Defendant NCSO's law

19   enforcement officers Defendants Taylor King and Brandon Tripp and Defendant

20   GVPD's law enforcement officers Defendants Brian Hooper, Denis Grube, and/or

21   Conrad Ball met and conferred about Gabriel Strickland near the intersection of

22   Squirrel Creek Road and Rough and Ready Highway.

23   33.    Plaintiffs  are informed and believe, and on that basis allege, Defendants

24   Brian Hooper, Denis Grube, Conrad Ball and Defendants Taylor King and Brandon

25   Tripp knew Gabriel Strickland; that they knew that he was a homeless man with

26   mental health issues and that he had been released from custody at WBCF a day or

27

28                                          8

1    two earlier, and further, that Defendants Brian Hooper, Denis Grube, Conrad Ball

2    and Defendants Taylor King and Brandon Tripp knew that it was likely Gabriel

3    Strickland was suffering from a mental health episode and was probably unable to

4    respond to their commands or directions in a normal or expected manner.

5    34.    Despite their knowledge of Gabriel Strickland's mental health condition

6    Defendants Brian Hooper, Denis Grube, Conrad Ball and Defendants Taylor King

7    and Brandon Tripp formulated a plan to confront Gabriel Strickland without

8    assistance or input from any professional mental health personnel or trained

9    negotiator such as those potentially available from the Nevada County Department

10   of Behavioral (hereafter the "Plan"). Instead, ignoring established law enforcement

11   techniques for non-violent de-escalation and negotiation, the Plan was to surround

12   and confront Gabriel Strickland with an immediate show of overwhelming force.

13   Plaintiffs  are informed and believe, and on that basis allege, Defendants Brian

14   Hooper, Denis Grube, Conrad Ball and Defendants Taylor King and Brandon Tripp

15   communicated the Plan to their respective dispatch and command centers at the

16   NCSO and the GVPD. Plaintiffs  are further informed and believe, and on that

17   basis allege, that the respective dispatch and command centers had ample

18   opportunity to learn about and then communicate the Plan to the supervising

19   commanding officers Defendants Shannan Moon, Does 1-5, Alex Gammelgard, and

20   Does 11-15.

21   35.    Plaintiffs  are further informed and believe, and on that basis allege, that

22   Defendants Shannan Moon, Does 1-5, Alex Gammelgard, and DOES 11-15, were

23   informed about, and had sufficient time to consider, the Plan and to make

24   recommendations or changes thereto to enforce whatever  policies, practices and

25   procedures of the NCSO and GVPD may have existed regarding the use of force and

26   de-escalation, including such options as obtaining assistance from a mental health

27

28                                              9

professional or a trained negotiator and/or to order that the law enforcement officers responding to the call first employ non-confrontational, non-violent de-escalation techniques. However, Plaintiffs are informed and believe, and on that basis allege that, despite the knowledge of supervising officers of the Plan, both before and during the incident, Defendants Shannan Moon, Does 1-5, Alex Gammelgard, and Does 11-15 failed to: (a)make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any other de-escalation measures that might have prevented the wrongful use of force; (c) enforce applicable policies, practices, and procedures designed to minimize the use of force; or (d) actively supervise the execution of the Plan to ensure it was effectuated properly in a manner to minimize the chance of physical harm.

36.     Gabriel Strickland walked unaccompanied eastbound on Squirrel Creek Road, past the Oak Super Market, and then southbound on Walker Drive for 10 to 15 minutes with the toy gun slung over his shoulder.

37.     There were no reports that Gabriel Strickland ever brandished the toy gun, threatened anyone, trespassed onto private property, or acted in any manner that was a threat to public safety.

38.     Defendant NCSO's law enforcement officers, including Defendants Taylor King and Brandon Tripp, and Defendant GVPD's law enforcement officers, including Defendants Brian Hooper, Denis Grube, and Conrad Ball, implemented the Plan when they arrived on-scene by immediately confronting Gabriel Strickland near Walker Drive and Oak Street in the unincorporated area of the County of Nevada, California.

    [Note: Quotations used in paragraphs 39 to 63 were taken from a video
    of the events prepared by Defendants Nevada County and City of
    Grass Valley that was published on-line. Although every effort has
    been made to accurately quote the voices in the video, there may be

some correction to these quotes after a forensic examination of original video and audio materials and the testimony of the individual officers.]

39.     Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball surrounded Gabriel Strickland with their patrol vehicles, exited their patrol vehicles, drew-down firearms pointed at Gabriel Strickland from approximately 30 feet away, and immediately commenced forceful, angry yelling at Gabriel Strickland: "Drop the gun!", "Drop the fucking gun!"

40.     Gabriel Strickland responded peacefully by holding the toy gun away from his body and told the officers: "It's a B.B. gun!"

41.     Gabriel Strickland slapped the plastic rifle with his hand, creating the audible sound of tapping plastic-rather than metal.

42.     One of Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, or Conrad Ball reported to dispatch, "He's saying it's a B.B. gun."

43.     Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball continued to angrily yell commands at Gabriel Strickland, including "Drop the fucking gun, now!" and "We don't know that's a fake gun!"

44.     Gabriel Strickland pointed to the orange tip on the barrel of the toy gun with his finger and, again, explained to the officers, it was not a real gun he was holding but, rather, was only a toy gun.

45.     Defendant Brandon Tripp stated, "You could have painted that… We don't want to kill you."

46.     Gabriel Strickland explained, "I'm not doing nothing wrong."

47.     Gabriel Strickland stood, with the toy gun barrel pointed at the ground, as he spoke to the officers.

48.     Gabriel Strickland did not brandish the toy gun or present a threat to any officer or citizen.

49.     It was obvious that Gabriel Strickland was not in a normal state of mind and

11

that the barrage of angry, verbal commands and threats from Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball were frightening and agitating Gabriel Strickland, without gaining his cooperation.

50.    At no time did Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball employ any de-escalation technique or request the help of a mental health professional or trained negotiator. Plaintiffs are further informed and believe, and on that basis allege, that there were no communications between Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball and their respective commanding officers, Defendants Shannan Moon, Does 1-5, Alex Gammelgard, and Does 11-15, about employing any de-escalation technique or requesting the help of a mental health professional or trained negotiator.

51.    There was no urgency to the situation and Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball could have simply contained Gabriel Strickland in that location to allow time for a professional negotiator, de-escalator, and/or medical provider to come to the incident scene to interact with Gabriel Strickland.

52.    Despite Gabriel Strickland's non-threatening demeanor and never brandishing the toy gun, Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball became impatient and decided to continue with the Plan by escalating the situation to an assault style takedown.

53.    Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball decided to move from their positions of safety behind their patrol vehicles to take up a more dangerous position by approaching Gabriel Strickland without any cover.

54.    Defendant Brandon Tripp initiated an assault and told the other officers: "Cover me."

55.    Defendants Brandon Tripp, Brian Hooper, and Conrad Ball then walked

towards Gabriel Strickland.

56.    Defendants Brandon Tripp and Conrad Ball were armed with assault weapons drawn-down and pointed at Gabriel Strickland, and Defendant Brian Hooper was armed with a taser.

57.    Defendant Brandon Tripp, anticipating that the officers' escalation and confrontation would necessitate the use of deadly force, told dispatch: "Tell Grass Valley units to get out of cross-fire!"

58.    Gabriel Strickland dropped down to his knees, as Defendants Taylor King, Brandon Tripp, Brian Hooper, Denis Grube, and Conrad Ball approached him with their weapons drawn.

59.    Defendant Brian Hooper asked, "Is this thing working?," as he approached Gabriel Strickland.

60.    Gabriel Strickland continued to hold the toy gun, sometimes pointing it in the direction of Defendants Brandon Tripp, Brian Hooper, and Conrad Ball and at other times pointing it up towards the sky.

61.    Defendant Brian Hooper attempted to discharge his taser but failed properly to utilize the taser against Gabriel Strickland, rendering it ineffective.

62.    Seconds later, Defendants Taylor King, Brandon Tripp, and Brian Hooper opened fire on Gabriel Strickland, striking him several times.

63.    Gabriel Strickland was taken to the Sierra Nevada Memorial Hospital, where he was pronounced dead.

## POLICY OR CUSTOM ALLEGATIONS

### Duties of Nevada County and City of Grass Valley, Regarding the Use of Force

64.     Defendants County of Nevada and City of Grass Valley are obligated to have policies, practices, and procedures regarding the use of force by their law enforcement officers that are constitutionally lawful and protect against the unreasonable or unnecessary (i.e., unlawful) use of force against persons being investigated or detained for possible criminal violation ("UOF PPPs"). Further, this constitutional duty required Defendants County of Nevada and City of Grass Valley to adequately: (a) train their law enforcement officers in the UOF PPPs; (b) monitor and supervise the implementation of the UOF PPPs with an effective chain of command to verify compliance; and (c) when violations of the UOF PPPs were observed, enforce the UOF PPPs by appropriate disciplinary action.

65.     Defendants County of Nevada and City of Grass Valley are obligated to have an adequate and effective "chain of command" so that when incidents arise that might require their law enforcement officers in the field to use force, more experienced personnel are, if possible, consulted by officers in the field and such supervising personnel command the situation so that non-force means are tried first and that forceful means are used only in accordance with the UOF PPPs.

66.     Defendants County of Nevada and City of Grass Valley are obligated to prepare complete and truthful Incident and other reports about any use of force.

### Failure to Implement Constitutional UOF PPPs
### County of Nevada

67.     Defendant County of Nevada has records-destruction policies which permit the destruction of certain records after five (5) years, including "Internal Affair Investigation reports," "Incident reports," "Grievance reports," and "Disciplinary

14

reports." [See General Order 4, Destruction-of-Records-Documents-and-Papers.]

68.     Plaintiffs are informed and believe, and on that basis allege that Defendant Nevada County, as a matter of custom, policy, and/or practice actively employs records-destruction policies to destroy records for the purpose of hiding the truth about both: (a) the use of excessive force by NCSO deputies and correctional officers; and (b) failures of correctional officers and medical providers under its control to provide constitutionally required medical/mental health services to inmates at the WBCF.

69.     Plaintiffs are informed and believe, and on that basis allege that, as a matter of custom, policy, and/or practice, Defendant Nevada County has frequently failed to adequately investigate and discipline either: (a) its deputies and officers when unnecessary or unreasonable force was used; or (b) its contract medical provider Wellpath and its jail medical personnel when inadequate medical care has been given.  Plaintiffs are further informed and believe, and on that basis allege, that such policy, practice, and procedure resulted in a culture where subordinates were permitted to employ excessive force with impunity and regularly deny proper medical care to inmates.

70.     Defendant Nevada County knew that a substantial number of contacts between its NCSO deputies and officers and persons with mental disability and/or substance impaired persons had resulted in, and would continue to cause, the application of excessive and sometimes lethal force against mentally ill and/or substance impaired persons. In fact, Plaintiffs are informed and believe that at the time of the incident in this complaint Nevada County had a use of force UOF PPP that acknowledged this fact as follows:

> "[i]ndividuals with physical, mental health, developmental, or
> intellectual disabilities are significantly more likely to experience
> greater levels of physical force during police interactions, as their

15

disability may affect their ability to understand or comply with commands from peace officers. It is estimated that individuals with disabilities are involved in between one-third and one-half of all fatal encounters with law enforcement."

71.     However, Plaintiffs are informed and believe, and on that basis allege that Defendant Nevada County did not have a UOF PPP that give specific directives about how to engage individuals with "physical, mental health, developmental, or intellectual disabilities", in particular, when they were apparently unable to respond to orders or commands.  Plaintiffs are further informed and believe that Nevada County did not have a UOF  PPP that directed deputies and officers to: (a) avoid the use of brusk and direct language and/or escalating force with such impaired persons; or (b) call a mental health professional or professional negotiator to the incident scene.

72.     In addition to having an inadequate UOF PPPs relating engagement of individuals with "physical, mental health, developmental, or intellectual disabilities", Plaintiffs are informed and believe, and on that basis allege that Defendant Nevada County never undertook specific, appropriate, and/or adequate measures to train or supervise NCSO deputies and officers and/or to enforce the UOF PPPs that it did have regarding detention and arrest of persons that have mental disabilities and/or are under the influence of substances, and as a consequence, NCSO deputies and officers were incapable of handing persons with impaired ability to understand and respond to law enforcement commands without resorting to violence.

73.     More specifically, Nevada County failed to adequately train its deputies and officers in the following things:

a. how to approach persons suffering from mental disability or substance impairment;

b.  how to speak to persons suffering from a from mental disability or substance impairment;

c.  how to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

d.  how to respect the personal space of persons suffering from mental disability or substance impairment;

e.  reasonably how to accommodate the disability of persons suffering from mental disability or substance impairment; and

f.  how to de-escalate, without use of force, incidents involving persons suffering from mental disability or substance impairment; and

g.  how to contact and call to the incident scene persons with expertise in talking with persons with mental disability or substance impairment.

74.   As a consequence of the foregoing acts and omissions by Defendant Nevada County, there have been serious instances of NCSO deputies using excessive force against person with mental disability or substance impairment. In *Howie v. Nevada County*, E.D. Cal. Case No. 2:18-cv-03146-JAM-KJN, the plaintiff, Christopher Howie, a person with mental disabilities, was attacked by NCSO Deputy Adam Grizzell while he was in the booking area of the Nevada County jail. Deputy Grizzell slammed the plaintiff's head against a wall several times, then tackled him to the ground, breaking the plaintiff's leg. Other NCSO officers watched the attack on video and then instead of assisting the victim, Mr. Howie, they assisted in the leg and hand shackling of Mr. Howie while he lay on the floor with a broken leg. The plaintiff's civil rights lawsuit was settled by Defendant County of Nevada.

75.   In another incident, NCSO deputy Adam Grizzell was criminally charged with attacking an inmate at the jail. Deputy Grizzell pleaded guilty to a charge of "assault by a public officer." See *People v. Grizzell*, Superior Court of California, County of Nevada, Case No. M18-001437; see also

<https://www.theunion.com/news/crime/former-nevada-county-correctional-officer-pleads-guilty-in-inmate-assault-case/>

76.  Plaintiffs are informed and believe, and on that basis allege, that as described in the foregoing paragraph, Nevada County never caused the NCSO to take department level steps to correct the problems exemplified by the *Howie* or the other Deputy Grizzell incident, including no discipline, additional training, changes in supervision, or policy changes in the UOF PPPs with mentally disabled or impaired persons.

77.  As a consequence of Defendant Nevada County's failing: (a) to have appropriate UOF PPPs regarding how to respond to and approach persons with mental disabilities or substance impairment; (b) adequately train its deputies and officers; (c) supervise its deputies and officers; and/or (d) otherwise enforce the UOF PPPs that it did have, Defendants Taylor King and Brandon Tripp understood that they were *de facto* authorized and correct to use unreasonable and excessive force against persons with mental disabilities or substance impairment.

78.  The failures of Defendant Nevada County as set forth in paragraphs 64-77 are a proximate cause, or were a moving force behind, Defendants Taylor King and Brandon Tripp's use of unreasonable and excessive force against Gabriel Strickland.

### Failure to Implement Constitutional UOF PPPs
### City of Grass Valley

79.  Defendant City of Grass Valley has records-destruction policies which permit the destruction of certain records, including "[d]iscipline records, including copies of sustained personnel complaints." More specifically, records of: (a) "[d]isciplinary action resulting from sustained internally initiated complaints or observation of misconduct" are subject to destruction after "two years"; and (b) "[d]isciplinary action resulting from a sustained civilian's complaint" are subject to destruction

18

after "five years." [See City of Grass Valley Policy 1024.3: Department File.]

80.     Plaintiffs are informed and believe, and on that basis allege that Defendant City of Grass Valley, as a matter of custom, policy, and/or practice actively employs records-destruction policies to destroy records for the purpose of hiding the truth about the use of excessive force by GVPD officers.

81.     Plaintiffs are informed and believe, and on that basis allege that, as a matter of custom, policy, and/or practice, Defendant City of Grass Valley has frequently failed to adequately investigate and discipline its officers when unnecessary or unreasonable force was used.  Plaintiffs are further informed and believe, and on that basis allege, that such policy, practice, and procedure resulted in a culture where subordinates were permitted to employ excessive force with impunity.

82.     Defendant City of Grass Valley knew that a substantial number of contacts between its GVPD officers and persons with mental disability and/or substance impaired persons had resulted in, and would continue to cause, the application of excessive and sometimes lethal force against mentally ill and/or substance impaired persons.  In fact, Plaintiffs are informed and believe that at the time of the incident in this complaint Defendant City of Grass Valley had a use of force UOF PPP that acknowledged that mental illness or mental disability and/or impairment from substance abuse required its officers to consider such factors in deciding about whether and to what degree the use of force should be applied:

(a) The individual's apparent mental state or capacity (Penal Code § 835a);

(b) The individual's apparent ability to understand and comply with officer commands (Penal Code § 835a);

(c) The availability of other reasonable and feasible options and their possible effectiveness (Penal Code § 835a) [Citing to Section 300.3.2.];

83.     Furthermore, the City of Grass Valley UOF Policy Manual [citing to Section 300.8] states that:

(a) Officers, investigators, and supervisors will receive periodic training on this policy and demonstrate their knowledge and understanding (Government Code § 7286(b));

(b) Subject to available resources, the Training Manager should ensure that officers receive periodic training on de-escalation tactics, including alternatives to force;

(c) Training should also include (Government Code § 7286(b)) ... Guidelines regarding vulnerable populations, including but not limited to children, elderly persons, pregnant individuals, and individuals with physical, mental, and developmental disabilities.

84.     Despite the foregoing UOF PPPs, Plaintiffs are informed and believe, and on that basis allege that Defendant City of Grass Valley did not have a UOF PPP that give specific directives about how to engage individuals with "physical, mental health, developmental, or intellectual disabilities", in particular, when they were apparently unable to respond to orders or commands.  Plaintiffs are further informed and believe that Defendant City of Grass Valley did not have a UOF  PPP that: (a) directed deputies and officers to avoid the use of brusk and direct language and/or escalating force with such impaired persons; or (b) call a mental health professional or professional negotiator to the incident scene.

85.     In addition to having an inadequate UOF PPPs relating engagement of individuals with "physical, mental health, developmental, or intellectual disabilities", Plaintiffs are informed and believe, and on that basis allege that Defendant City of Grass Valley never undertook specific, appropriate, and/or adequate measures to train or supervise GVPD officers and/or to enforce the UOF PPPs that it did have regarding detention and arrest of persons that have mental disabilities and/or are under the influence of substances, and as a consequence, GVPD officers were incapable of handing persons with impaired ability to

understand and respond to law enforcement commands without resorting to violence.

86.     More specifically, the City of Grass Valley failed to adequately train its deputies and officers in the following things:

    a. how to approach persons suffering from mental disability or substance impairment;

    b.  how to speak to persons suffering from a from mental disability or substance impairment;

    c.  how to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

    d.  how to respect the personal space of persons suffering from mental disability or substance impairment;

    e.  reasonably how to accommodate the disability of persons suffering from mental disability or substance impairment; and

    f.  how to de-escalate, without use of force, incidents involving persons suffering from mental disability or substance impairment; and

    g. how to contact and call to the incident scene persons with expertise in talking with persons with mental disability or substance impairment.

87.     As a consequence of the foregoing acts and omissions by Defendant City of Grass Valley, there have been serious instances of GVPD officers using excessive force against person with mental disability or substance impairment. In *Peterson v. Nevada County*, E.D. Cal. Case No. 2:19-cv-00949-JAM-EFB, the plaintiff, John Peterson, a person with mental disabilities who was seeking mental health assistance at the time of the incident, was arrested by several of GVPD's officers, including Defendant Conrad Ball. One of GVPD's officers attacked the plaintiff by forcibly trying to put his surgically repaired leg through locked handcuffs even though he was not resisting. The officer's attack re-injured the plaintiff's leg,

21

causing a life threatening infection that took surgery and about six weeks of hospital care to cure.

88.     Another such incident was shown the in *Howie v. Nevada County*, E.D. Cal. Case No. 2:18-cv-03146-JAM-KJN, the plaintiff, Christopher Howie, was attacked by NCSO Deputy Adam Grizzell, while he was accompanied by GVPD officer John Herrera in the booking area of the jail. Deputy Grizzell slammed the plaintiff's head against a wall several times, tackled him to the ground, breaking the plaintiff's leg. However, officer John Herrera standing right next to Deputy Grizzell failed to take any action to stop Deputy Grizzell or to otherwise intervene or later report on the incident. This failure was in direct contravention of GVPD's Use of Force Policy Sections 300.2.1 and 300.5 on pages 47 and 52.

89.     Plaintiffs  are informed and believe, and on that basis allege, that City of Grass Valley and its GVPD took no department level steps to correct the problems exemplified by the *Peterson* or *Howie* incident, including no discipline, additional training, changes in supervision, or policy changes in the UOF PPPs concerning detention and arrest of mentally disabled or substance impaired persons.

90.     As a consequence of Defendant City of Grass Valley failing: (a) to have appropriate UOF PPPs regarding how to respond to and approach persons with mental disabilities or substance impairment; (b) adequately train its GVPD officers; (c) supervise its deputies and officers; and/or (d) otherwise enforce the UOF PPPs that it did have, Defendants Brian Hooper, Denis Grube, and Conrad Ball understood that they were *de facto* authorized and correct to use unreasonable and excessive force against persons with mental disabilities or substance impairment.

91.     The failures of Defendant City of Grass Valley as set forth in paragraphs 64-66, 79-90 are a proximate cause, or were a moving force behind, Defendants Brian Hooper, Denis Grube, and Conrad Ball's use of unreasonable and excessive force against Gabriel Strickland.

**FEDERAL CLAIMS**

**FIRST CLAIM**

**Unreasonable and Excessive Force Causing the Loss of Life**
**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

**Defendants Taylor King, Brandon Tripp, Brian Hooper,**
**Dennis Grube, and Conrad Ball**

92.    Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball.

93.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

94.    Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, committed acts and omissions under the color of state law as alleged in paragraphs 32-63 that constituted unreasonable and unnecessary force against Gabriel Strickland and were direct and proximate causes of the violation of his right to life under the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

95.    As the result of the foregoing wrongful conduct of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, Plaintiff Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

96.    The foregoing acts and omissions of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball were committed with malice that was despicable and done with callous disregard for Gabriel Strickland. As a result, punitive damages should be awarded against Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball.

97.    As a direct and proximate result of the foregoing conduct of Defendant Taylor

King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, Plaintiff Estate of Gabriel Strickland has been forced to file this action under 42 U.S.C. § 1983, and is entitled to recover its attorney's fees and costs under 42 U.S.C. § 1988.

## SECOND CLAIM

**Unreasonable and Excessive Force Causing the Loss of Life**
**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

**Defendants Shannan Moon and Does 1-5**

98.     Plaintiff Estate of Gabriel Strickland asserts this claim against Defendants Shannan Moon and Does 1-5.

99.     The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

100.    Defendants Shannan Moon and Does 1-5 committed under the color of state law acts as alleged in paragraph 35 as supervisors and members of the chain of command at the time of the incident, including without limitation, the failure to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-76) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. These failures allowed the unreasonable and unnecessary use of force against Gabriel Strickland and were a direct and proximate cause of the violation of his right to life under the Fourth and Fourteenth Amendments to the U.S. Constitution.

101.    As the result of the foregoing wrongful conduct of Defendants Shannan Moon and Does 1-5, Plaintiff Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in

the Prayer, below.

102.    The foregoing acts and omissions of Defendants Shannan Moon and Does 1-5 were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendants Shannan Moon and Does 1-5.

103.    As a direct and proximate result of the foregoing conduct of Defendant Shannan Moon and Does 1-5 Plaintiff Estate of Gabriel Strickland has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover its attorney's fees and costs under 42 U.S.C. §1988.

## THIRD CLAIM

### Unreasonable and Excessive Force Causing the Loss of Life
(U.S. Const., Amend. IV; 42 U.S.C. § 1983)

### Defendants Alex Gamelgard and Does 11-15

104.    Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Alex Gamelgard and Does 11-15.

105.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

106.    Defendant Alex Gamelgard and Does 11-15 committed under the color of state law acts as alleged in paragraphs 35 that by their failure, as supervisors and members of the chain of command at the time of the incident, including without limitation, the failure to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-66, 79-89) designed to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was

effectuated properly. These failures allowed the unreasonable and unnecessary use of force against Gabriel Strickland and were a direct and proximate cause of the violation of his right to life under the Fourth and Fourteenth Amendments to the U.S. Constitution.

107.    As the result of the foregoing wrongful conduct of Defendants Alex Gamelgard and Does 11-15, Plaintiff Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

108.    The foregoing acts and omissions of Defendants Alex Gamelgard and Does 11-15 were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendants Alex Gamelgard and Does 11-15.

109.    As a direct and proximate result of the foregoing conduct of Defendant Alex Gamelgard and Does 11-15, Plaintiff Estate of Gabriel Strickland has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover its attorney's fees and costs under 42 U.S.C. §1988.

## FOURTH CLAIM

### Municipal Liability for Policy, Custom, or Practice
### Causing Unreasonable and Excessive Force
### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

### Defendant Nevada County

110.    Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendant Nevada County.

111.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

112.    Defendant Nevada County has failed to establish policies, practices, or procedures that are constitutionally sufficient for the use of force in the process of

detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

113.    Defendant Nevada County has failed to adequately train its deputies in policies, practices and procedures that are constitutionally sufficient for the use of force in the process of detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

114.    Defendant Nevada County has failed to adequately supervise its deputies in policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

115.    Defendant Nevada County has failed to adequately enforce policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

116.    The foregoing acts and omissions of Defendant Nevada County were done under the color of state law.

117.    The foregoing acts and omissions of Defendant Nevada County have caused the unreasonable or unnecessary use of force in other instances for at least a year prior to the institution of this action, including the instances alleged in paragraphs 74-75. Plaintiffs are informed and believe, and on that basis allege, that these acts and omissions continue until the present time.

118.    It was known and/or obvious to Defendant Nevada County that the foregoing acts and omissions would be likely to cause serious violations of the constitutional rights of persons with mental disabilities and/or that are substance impaired in the course of any detention or arrest by NCSO deputies or officers. Accordingly, the described acts and omissions constitute a deliberate indifference to, and a callous disregard for, the constitutional rights of such persons.

119.    As the direct result of these acts and omissions by Defendant Nevada County,

Taylor King and Brandon Tripp formulated and carried out the fatal Plan as alleged in paragraphs 32-63 & 94 which did not use any de-escalation techniques or employ any mental health expertise that might have resolved the matter without unnecessary or excessive force.  As the further result of the foregoing acts and omissions by Defendant Nevada County, Defendants Shannan Moon and Does 1-5 failed to supervise as alleged in paragraph 100.  Accordingly, the foregoing acts and omissions by Defendant Nevada County were a direct and proximate cause of the violation of the constitutional rights of Plaintiff Estate of Gabriel Strickland.

120.    As the result of the foregoing wrongful conduct of Defendant Nevada County, Plaintiff Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

121.    As a direct and proximate result of the foregoing conduct of Defendant Nevada County,  Plaintiff Estate of Gabriel Strickland has been forced to file this action under 42 U.S.C. § 1983, and is entitled to recover its attorney's fees and costs under 42 U.S.C. § 1988.

## FIFTH CLAIM

### Municipal Liability for Policy, Custom, or Practice Causing Unreasonable and Excessive Force
### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

### Defendant City of Grass Valley

122.    Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendant City of Grass Valley.

123.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

124.    Defendant City of Grass Valley has failed to establish policies, practices, or procedures that are constitutionally sufficient for the use of force in the process of

detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

125.   Defendant City of Grass Valley has failed to adequately train its officers in policies, practices and procedures that are constitutionally sufficient for the use of force in the process of detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

126.   Defendant City of Grass Valley has failed to adequately supervise its officers in policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

127.   Defendant City of Grass Valley has failed to enforce policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

128.   The foregoing acts and omissions of Defendant City of Grass Valley were done under the color of state law.

129.   The foregoing acts and omissions of Defendant City of Grass Valley have caused the unreasonable or unnecessary use of force in other instances for at least a year prior to the institution of this action, including the instances alleged in paragraphs 87-88. Plaintiffs are informed and believe, and on that basis allege, that these acts and omissions continue until the present time.

130.   It was known and/or obvious to Defendant City of Grass Valley that the foregoing acts and omissions would be likely to cause serious violations of the constitutional rights of persons with mental illness or disabilities and/or that are substance impaired in the course of any detention or arrest by GVPD officers. Accordingly, the described acts and omissions constitute a deliberate indifference to, and a callous disregard for, the constitutional rights of such persons.

131.   As the direct result of these acts and omissions by Defendant City of Grass

Valley, Brian Hooper, Dennis Grube, and Conrad Ball formulated and carried out the fatal Plan as alleged in paragraphs, 32-63 & 94 which did not use any de-escalation techniques or employ any mental health expertise that might have resolved the matter without unnecessary or excessive force.  As the further result of the foregoing acts and omissions by Defendant Nevada County, Defendants Alex Gammelgard and Does 11-15 failed to supervise as alleged in paragraph 106. Accordingly, the foregoing acts and omissions by Defendant City of Grass Valley were a direct and proximate cause of the violation of the constitutional rights of Plaintiff Estate of Gabriel Strickland.

132.   As the result of the foregoing wrongful conduct of Defendant City of Grass Valley, Plaintiff Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

133.   As a direct and proximate result of the foregoing conduct of Defendant City of Grass Valley, Plaintiff Estate of Gabriel Strickland has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover its attorney's fees and costs under 42 U.S.C. §1988.

### SIXTH CLAIM

**Individual Liability for Death of Gabriel Strickland**
**From Deliberate and Callous Disregard of Inmate Medical Needs**
**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

**Defendants Joseph McCormack , Brent Weldemere, Richard Donofrio,**
**and Does 6-10 & 16-20**

134.   Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20.

135.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

136.   Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and

Does 6-10 & 16-20 were aware of Gabriel Strickland's mental health needs at the time of his incarceration at the WBCF on December 26, 2019 as alleged in paragraphs 27-31.  However, Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 deliberately and callously disregarded Gabriel Strickland's mental health needs during his incarceration from December 26th to on or about December 28, 2019, thereby denying Gabriel Strickland his constitutional right to timely and effective medical care under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution.

137.    Plaintiff Estate of Gabriel Strickland is informed and believes, and on that basis alleges, that  it was also known and/or obvious to Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 that unless timely and effective medical care was provided to Gabriel Strickland during his incarceration from December 26th to on or about December 28, 2019, including a proper mental examination, it would be impossible to prepare an accurate mental health assessment for the Nevada County Probation Department, the Nevada County District Attorney's Office, or the Nevada County Superior Court to use for determining whether Gabriel Strickland should be released from custody.

138.    As the direct consequence of the foregoing depravation of Gabriel Strickland's constitutional right to timely and effective medical care, an accurate assessment of his mental health was not prepared and the Nevada County Probation Department, the Nevada County District Attorney's Office, or the Nevada County Superior Court were deprived of accurate and complete information to determine whether Gabriel Strickland should have been released from custody.

139.    As the further direct consequence of the foregoing depravation of his constitutional right to timely and effective medical care, Gabriel Strickland was released from custody on or about December 28, 2019 without having had appropriate medical treatment and in a mentally impaired state that included,

*inter alia*: (a) psychological delusions and/or suicidal ideations that made him very likely to cause harm to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (b) the inability to understand and/or respond to the commands of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball on January 1, 2020, to "drop the fucking gun", thereby leading to the death of Gabriel Strickland as described in foregoing paragraphs 32-63.

140.    The foregoing conduct of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 were acts and omissions under the color of state law that were a direct and proximate cause of the violation of the constitutional rights of Gabriel Strickland.

141.    As the result of the foregoing wrongful conduct of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20, Plaintiff Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

142.    The foregoing acts and omissions of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20.

143.    As a direct and proximate result of the foregoing conduct of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20, Plaintiff Estate of Gabriel Strickland has been forced to file this action under 42 U.S.C. § 1983, and is entitled to recover its attorney's fees and costs under 42 U.S.C. § 1988.

**SEVENTH CLAIM**

**Municipal Liability for Policy, Custom, or Practice of Deliberate
and Callous Disregard of Inmate Medical Needs
(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

**Defendant Nevada County**

144.  As a Plaintiff Estate of Gabriel Strickland asserts this Claim against
Defendant Nevada County.

145.  The allegations of the preceding paragraphs 1 to 91 are re-alleged and
incorporated herein, to the extent relevant, as if fully set forth in this Claim.

146.  Defendant Nevada County has failed to establish policies, practices and
procedures to meet its constitutional requirement to provide adequate and timely
medical and mental health care, including mental health examinations ("Medical
PPPs"), to persons in its custody at WBCF.

147.  Defendant Nevada County has failed to adequately train its personnel
regarding the timely and effective provision of medical and mental health care,
including mental health examinations, for inmates at the WBCF.

148.  Defendant Nevada County has failed to adequately monitor and/or enforce
whatever Medical PPPs it has regarding the provision of medical and mental health
care, including mental health examinations, for inmates at the WBCF.

149.   Defendant Nevada County has failed to adequately supervise its personnel
to ensure the timely provision of medical care for inmates a the WBCF.

150.  The foregoing failure of Defendant Nevada County caused the deliberate and
callous indifference to the medical needs of inmates with mental illness or disability
and/or substance impairment as described in paragraphs 27-31 and the other
instances alleged in paragraph 74-75. Plaintiffs are informed and believe, and on
that basis allege, that these acts and omissions continue until the present time.

151.  Plaintiff Estate of Gabriel Strickland alleges that the foregoing acts and
omissions denied Gabriel Strickland timely and effective mental health evaluation

and care during his incarceration from December 26th to on or about December 28,
2019, and that as the direct consequence of this failure, an accurate assessment of
Gabriel Strickland's mental health was not provided to the Nevada County
Probation Department, the Nevada County District Attorney's Office, or the Nevada
County Superior Court to determine whether Gabriel Strickland should be released
from custody.

152.    As the further direct consequence of the foregoing depravation of his
constitutional right to timely and effective medical care, Gabriel Strickland was
released from custody on or about December 28, 2019 without having had
appropriate medical treatment and in a mentally impaired state that included,
*inter alia*: (a) psychological delusions and/or suicidal ideations that made him very
likely to cause harm to himself and/or to others in the immediate to near future
(i.e., within hours to a few days of his release); and (b) the inability to understand
and/or respond to the commands of Defendants Taylor King, Brandon Tripp, Brian
Hooper, Dennis Grube, and Conrad Ball on January 1, 2020, to "drop the fucking
gun", thereby leading to the death of Gabriel Strickland as described in foregoing
paragraphs 32-63.

153.    The foregoing acts and omissions of Defendant Nevada County were done
under the color of state law and were a direct and proximate cause of the violation
of the constitutional rights of Gabriel Strickland.

154.    As the result of the foregoing wrongful conduct of Defendant Nevada County,
Plaintiff Estate of Gabriel Strickland is entitled to recover general and
compensatory damages as allowed by law and according to proof, as set forth in the
Prayer, below.

155.    As a direct and proximate result of the foregoing conduct of Defendant
Nevada County, Plaintiff Estate of Gabriel Strickland has been forced to file this
action under 42 U.S.C. § 1983, and is entitled to recover its attorney's fees and costs

34

under 42 U.S.C. § 1988.

## EIGHTH CLAIM

### Entity Liability for Policy, Custom, or Practice of Deliberate and Callous Disregard of Inmate Medical Needs
### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

### Defendant Wellpath

156.    As a Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendant Wellpath.

157.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

158.    Defendant Wellpath, as the contract provider of medical and mental health services for Nevada County's WBCF, has the same constitutional duty to provide medical and mental health care for inmates as Nevada County.  Defendant Wellpath failed to establish policies, practices and procedures to provide adequate and timely medical and mental health care, including mental health examinations to persons in its custody at WBCF.

159.    Defendant Wellpath failed to adequately train its personnel regarding the timely and effective provision of medical and mental health care, including mental health examinations, for inmates at the WBCF.

160.    Defendant Wellpath failed to adequately monitor and/or enforce whatever policies, practices, or procedures it has regarding the provision of medical and mental health care, including mental health examinations, for inmates at the WBCF.

161.    Defendant Wellpath failed to adequately supervise its personnel to ensure the timely provision of medical care for inmates a the WBCF.

162.    The foregoing failures of Defendant Wellpath caused the deliberate and callous indifference to the medical needs of inmates with mental illness or disability and/or substance impairment as described in paragraphs 27-31 and the other

instances alleged in paragraph 74-75. Plaintiffs are informed and believe, and on that basis allege, that these acts and omissions continue until the present time.

163.    Plaintiff Estate of Gabriel Strickland alleges that the foregoing acts and omissions of Wellpath denied Gabriel Strickland timely and effective mental health evaluation and care during his incarceration from December 26th to on or about December 28, 2019, and that as the direct consequence of this failure, an accurate assessment of Gabriel Strickland's mental health was not provided to the Nevada County Probation Department, the Nevada County District Attorney's Office, or the Nevada County Superior Court to determine whether Gabriel Strickland should be released from custody.

164.    As the further direct consequence of the foregoing depravation of his constitutional right to timely and effective medical care by Wellpath, Gabriel Strickland was released from custody on or about December 28, 2019 without having had appropriate medical treatment and in a mentally impaired state that included, *inter alia*: (a) psychological delusions and/or suicidal ideations that made him very likely to cause harm to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (b) the inability to understand and/or respond to the commands of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball on January 1, 2020, to "drop the fucking gun", thereby leading to the death of Gabriel Strickland as described in foregoing paragraphs 32-63.

165.    The foregoing acts and omissions of Defendant Wellpath were done under the color of state law and were a direct and proximate cause of the violation of the constitutional rights of Gabriel Strickland.

166.    As the result of the foregoing wrongful conduct of Defendant Nevada County, Plaintiff Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the

Prayer, below.

167.   The foregoing acts and omissions of Defendant Wellpath were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendant Wellpath.

168.   As a direct and proximate result of the foregoing conduct of Defendant Wellpath, Plaintiff Estate of Gabriel Strickland has been forced to file this action under 42 U.S.C. § 1983, and is entitled to recover its attorney's fees and costs under 42 U.S.C. § 1988.

## NINTH CLAIM

### Unwarranted Interference with Familial Association
### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

### Defendants Taylor King, Brandon Tripp, Brian Hooper,
### Dennis Grube, and Conrad Ball

169.   Plaintiffs N.S. and Shawna Alexander assert this Claim against Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball.

170.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

171.   Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball committed acts and omissions under the color of state law as alleged in paragraphs 32-63 that constituted unreasonable and unnecessary force against Gabriel Strickland and were the direct and proximate cause of the interference with the constitutional right to familial relationship between Gabriel Strickland and Plaintiffs N.S., and Shawna Alexander under the Fourteenth Amendment to the U.S. Constitution.

172.   As the result of the foregoing wrongful conduct of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, Plaintiffs N.S. and

Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

173.   The foregoing acts and omissions of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball were committed with malice that was despicable and done with callous disregard for Gabriel Strickland. As a result, punitive damages should be awarded against Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball.

174.   As a direct and proximate result of the foregoing conduct of Defendant Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, Plaintiffs N.S., and Shawna Alexander have been forced to file this action under 42 U.S.C. § 1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. § 1988.

## TENTH CLAIM

### Unreasonable and Excessive Force  Causing Loss of Familial Association
(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

### Defendants Shannan Moon and Does 1-5

175.   Plaintiffs N.S., and SHAWNA ALEXANDER assert this Claim against Defendants Nevada County, NCSO, Shannan Moon, and Does 1-5.

176.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

177.   Defendants Shannan Moon and Does 1-5 committed under the color of state law acts as alleged in paragraphs 35 as supervisors and members of the chain of command at the time of the incident, including without limitation, the failure to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health

provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-76) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. These failures allowed the unreasonable and unnecessary use of force against Gabriel Strickland and were a direct and proximate cause of the violation of his right to life under the Fourth and Fourteenth Amendments to the U.S. Constitution.

178.   As the result of the foregoing wrongful conduct of Defendants Shannan Moon and Does 1-5, Plaintiffs N.S., and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

179.   The foregoing acts and omissions of Defendants Shannan Moon and Does 1-5 were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendants Shannan Moon and Does 1-5.

180.   As a direct and proximate result of the foregoing conduct of Defendant Shannan Moon and Does 1-5, Plaintiffs N.S., and Shawna Alexander have been forced to file this action under 42 U.S.C. §1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. §1988.

## ELEVENTH CLAIM

**Unreasonable and Excessive Force  Causing Loss of Familial Association**
**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

### Defendants Alex Gamelgard and Does 11-15

181.   Plaintiffs N.S. and Shawna Alexander assert this Claim against Defendants Alex Gamelgard and Does 6-10.

182.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

183.   Defendant Alex Gamelgard and Does 11-15 committed under the color of

state law acts as alleged in paragraphs 35 that by their failure, as supervisors and members of the chain of command at the time of the incident, including without limitation, the failure to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 79-89) designed to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. These failures allowed the unreasonable and unnecessary use of force against Gabriel Strickland and were a direct and proximate cause of the violation of his right to life under the Fourth and Fourteenth Amendments to the U.S. Constitution.

184.   As the result of the foregoing wrongful conduct of Defendants Alex Gamelgard and Does 11-15, Plaintiffs N.S. and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

185.   The foregoing acts and omissions of Defendants Alex Gamelgard and Does 11-15 were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendants Alex Gamelgard and Does 11-15.

186.   As a direct and proximate result of the foregoing conduct of Defendant Alex Gamelgard and Does 6-10, Plaintiffs N.S. and Shawna Alexander have been forced to file this action under 42 U.S.C. §1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. §1988.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWELFTH CLAIM

### Municipal Liability for Policy, Custom, or Practice
### Causing Unreasonable and Excessive Force
### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

### Defendant Nevada County

187.   Plaintiffs N.S. and Shawna Alexander assert this Claim against Defendant Nevada County.

188.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

189.   Defendant Nevada County has failed to establish policies, practices, or procedures that are constitutionally sufficient for the use of force in the process of detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

190.   Defendant Nevada County has failed to adequately train its deputies in policies, practices and procedures that are constitutionally sufficient for the use of force in the process of detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

191.   Defendant Nevada County has failed to adequately supervise its deputies in policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

192.   Defendant Nevada County has failed to adequately enforce policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

193.   The foregoing acts and omissions of Defendant Nevada County were done under the color of state law.

194.   The foregoing acts and omissions of Defendant Nevada County have caused

41

the unreasonable or unnecessary use of force in other instances for at least a year prior to the institution of this action, including the instances alleged in paragraphs 74-75. Plaintiffs are informed and believe, and on that basis allege, that these acts and omissions continue until the present time.

195.    It was known and/or obvious to Defendant Nevada County that the foregoing acts and omissions would be likely to cause serious violations of the constitutional rights of persons with mental disabilities and/or that are substance impaired in the course of any detention or arrest by NCSO deputies.

196.    As the direct result of these acts and omissions by Defendant Nevada County, Taylor King and Brandon Tripp formulated and carried out the fatal Plan as alleged in paragraphs 32-63 & 94 which did not use any de-escalation techniques or employ any mental health expertise that might have resolved the matter without unnecessary or excessive force.  As the further result of the foregoing acts and omissions by Defendant Nevada County, Defendants Shannan Moon and Does 1-5 failed to supervise as alleged in paragraph 100.  Accordingly, the foregoing acts and omissions by Defendant Nevada County were a direct and proximate cause of the violation of the constitutional rights of Plaintiff Estate of Gabriel Strickland.

197.    As the result of the foregoing wrongful conduct of Defendant Nevada County, Plaintiffs N.S. and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

198.    As a direct and proximate result of the foregoing conduct of Defendant Nevada County,  Plaintiffs N.S. and Shawna Alexander have been forced to file this action under 42 U.S.C. § 1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. § 1988.

## THIRTEENTH CLAIM

**Municipal Liability for Policy, Custom, or Practice Causing
Unreasonable and Excessive Force
(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

### Defendant City of Grass Valley

199.   Plaintiffs N.S. and Shawna Alexander assert this Claim against Defendant City of Grass Valley.

200.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

201.   Defendant City of Grass Valley has failed to establish policies, practices, or procedures that are constitutionally sufficient for the use of force in the process of detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

202.   Defendant City of Grass Valley has failed to adequately train its officers in policies, practices and procedures that are constitutionally sufficient for the use of force in the process of detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

203.   Defendant City of Grass Valley has failed to adequately supervise its officers in policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

204.   Defendant City of Grass Valley has failed to enforce policies, practices and procedures that are constitutionally sufficient in detaining and/or arresting persons with mental illness or disabilities and/or that are substance impaired.

205.   The foregoing acts and omissions of Defendant City of Grass Valley were done under the color of state law.

206.   The foregoing acts and omissions of Defendant City of Grass Valley have caused the unreasonable or unnecessary use of force in other instances for at least a

year prior to the institution of this action, including the instances alleged in paragraphs 87-88. Plaintiffs are informed and believe, and on that basis allege, that these acts and omissions continue until the present time.

207.   It was known and/or obvious to Defendant City of Grass Valley that the foregoing acts and omissions would be likely to cause serious violations of the constitutional rights of persons with mental illness or disabilities and/or that are substance impaired in the course of any detention or arrest by GVPD officers.

208.   As the direct result of these acts and omissions by Defendant City of Grass Valley, Brian Hooper, Dennis Grube, and Conrad Ball formulated and carried out the fatal Plan as alleged in paragraph 32-63 & 94 which did not use any de-escalation techniques or employ any mental health expertise that might have resolved the matter without unnecessary or excessive force.  As the further result of the foregoing acts and omissions by Defendant Nevada County, Defendants Alex Gammelgard and Does 11-15 failed to supervise as alleged in paragraph 106. Accordingly, the foregoing acts and omissions by Defendant City of Grass Valley were a direct and proximate cause of the violation of the constitutional rights of Plaintiff Estate of Gabriel Strickland.

209.   As the result of the foregoing wrongful conduct of Defendant City of Grass Valley, Plaintiffs N.S. and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

210.   As a direct and proximate result of the foregoing conduct of Defendant City of Grass Valley, Plaintiffs N.S. and Shawna Alexander have been forced to file this action under 42 U.S.C. §1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. §1988.

FOURTEENTH CLAIM

**Individual Liability for Death of Gabriel Strickland
From Deliberate and Callous Disregard of Inmate Medical Needs
(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

**Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio,
and Does 6-10 & 16-20**

211.    Plaintiffs N.S. and Shawna Alexander assert this Claim against Defendants NCSO Officer Joseph McCormack and Does 6-10 and Wellpath employees/contractors Brent Weldemere, Richard Donofrio, and Does 16-20.

212.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

213.    Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 were aware of Gabriel Strickland's mental health needs at the time of his incarceration at the WBCF on December 26, 2019 as alleged in paragraphs 27-31.  However, Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 deliberately and callously disregarded Gabriel Strickland's mental health needs during his incarceration from December 26th to on or about December 28, 2019, thereby denying Gabriel Strickland his constitutional right to timely and effective medical care under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution.

214.    Plaintiffs N.S. and Shawna Alexander are informed and believes, and on that basis allege, is informed and believes, and on that basis alleges, that  it was also known and/or obvious to Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 that unless timely and effective medical care was provided to Gabriel Strickland during his incarceration from December 26th to on or about December 28, 2019, including a proper mental examination, it would be impossible to prepare an accurate mental health assessment for the Nevada County Probation Department, the Nevada County District Attorney's

Office, or the Nevada County Superior Court to use for determining whether Gabriel Strickland should be released from custody.

215.    As the direct consequence of the foregoing depravation of Gabriel Strickland's constitutional right to timely and effective medical care, an accurate assessment of his mental health was not prepared and that the Nevada County Probation Department, the Nevada County District Attorney's Office, or the Nevada County Superior Court were deprived of accurate and complete information to determine whether Gabriel Strickland should be released from custody.

216.    As the further direct consequence of the foregoing depravation of his constitutional right to timely and effective medical, Gabriel Strickland was released from custody on or about December 28, 2019 without having had appropriate medical treatment and in a mentally impaired state that included, *inter alia*: (a) psychological delusions and/or suicidal ideations that made him very likely to cause harm to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (b) the inability to understand and/or respond to the commands of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball on January 1, 2020, to "drop the fucking gun", thereby leading to the death of Gabriel Strickland as described in foregoing paragraphs 32-63.

217.    The foregoing conduct of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 were acts and omissions under the color of state law that were a direct and proximate cause of the violation of the constitutional rights of Gabriel Strickland.

218.    As the result of the foregoing wrongful conduct of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20, Plaintiffs N.S. and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

46

219.   The foregoing acts and omissions of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20 were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20.

220.   As a direct and proximate result of the foregoing conduct of Defendants Joseph McCormack, Brent Weldemere, Richard Donofrio, and Does 6-10 & 16-20, Plaintiffs N.S. and Shawna Alexander have been forced to file this action under 42 U.S.C. § 1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. § 1988.

## FIFTEENTH CLAIM

### Municipal Liability for Policy, Custom, or Practice of Deliberate and Callous Disregard of Inmate Medical Needs
### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

### Defendant Nevada County

221.   Plaintiffs N.S. and Shawna Alexander assert this Claim against Defendant Nevada County.

222.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

223.   Defendant Nevada County has failed to establish policies, practices and procedures to meet its constitutional requirement to provide adequate and timely medical and mental health care, including mental health examinations ("Medical PPPs"), to persons in its custody at WBCF.

224.   Defendant Nevada County has failed to adequately train its personnel regarding the timely and effective provision of medical and mental health care, including mental health examinations, for inmates at the WBCF.

225.   Defendant Nevada County has failed to adequately monitor and/or enforce

47

1
2
whatever Medical PPPs it has regarding the provision of medical and mental health care, including mental health examinations, for inmates at the WBCF.

3
4
226.   Defendant Nevada County has failed to adequately supervise its personnel to ensure the timely provision of medical care for inmates a the WBCF.

5
6
227.   The foregoing acts and omissions of Defendants Nevada County and Wellpath were done under the color of state law.

7
8
9
10
11
228.   The foregoing failures of Defendant Nevada County caused the deliberate and callous indifference to the medical needs of inmates with mental illness or disability and/or substance impairment as described in paragraphs 27-31 and the other instances alleged in paragraph 74-75. Plaintiffs are informed and believe, and on that basis allege, that these acts and omissions continue until the present time.

12
13
14
15
16
17
18
19
229.   Plaintiffs N.S. and Shawna Alexander allege that the foregoing acts and omissions denied Gabriel Strickland timely and effective mental health evaluation and care during his incarceration from December 26th to on or about December 28, 2019, and that as the direct consequence thereof, an accurate assessment of Gabriel Strickland's mental health was not provided to the Nevada County Probation Department, the Nevada County District Attorney's Office, or the Nevada County Superior Court to determine whether Gabriel Strickland should be released from custody.

20
21
22
23
24
25
26
27
230.   As the further direct consequence of the foregoing depravation of his constitutional right to timely and effective medical care, Gabriel Strickland was released from custody on or about December 28, 2019 without having had appropriate medical treatment and in a mentally impaired state that included, *inter alia*: (a) psychological delusions and/or suicidal ideations that made him very likely to cause harm to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (b) the inability to understand and/or respond to the commands of Defendants Taylor King, Brandon Tripp, Brian

28

Hooper, Dennis Grube, and Conrad Ball on January 1, 2020, to "drop the fucking gun", thereby leading to the death of Gabriel Strickland as described in foregoing paragraphs 32-63.

231.   The foregoing acts and omissions of Defendant Nevada County were done under the color of state law and were a direct and proximate cause of the violation of the constitutional rights of Gabriel Strickland.

232.   As the result of the foregoing wrongful conduct of Defendant Nevada County, Plaintiffs N.S. and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

233.   As a direct and proximate result of the foregoing conduct of Defendant Nevada County, Plaintiffs N.S. and Shawna Alexander have been forced to file this action under 42 U.S.C. § 1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. § 1988.

## SIXTEENTH CLAIM

**Private Entity Liability for Policy, Custom, or Practice of Deliberate and Callous Disregard of Inmate Medical Needs**
**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

### Defendant Wellpath

234.   Plaintiffs N.S. and Shawna Alexander assert this Claim against Defendant Wellpath.

235.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

236.   Defendant Wellpath, as the contract provider of medical and mental health services for Nevada County's WBCF, has the same constitutional duty to provide medical and mental health care for inmates as Nevada County.  Defendant Wellpath failed to establish policies, practices and procedures to provide adequate and timely medical and mental health care, including mental health examinations

to persons in its custody at WBCF.

237.   Defendant Wellpath failed to adequately train its personnel regarding the timely and effective provision of medical and mental health care, including mental health examinations, for inmates at the WBCF.

238.   Defendant Wellpath failed to adequately monitor and/or enforce whatever policies, practices, or procedures it has regarding the provision of medical and mental health care, including mental health examinations, for inmates at the WBCF.

239.   Defendant Wellpath failed to adequately supervise its personnel to ensure the timely provision of medical care for inmates a the WBCF.

240.   The foregoing failures of Defendant Wellpath caused the deliberate and callous indifference to the medical needs of inmates with mental illness or disability and/or substance impairment as described in paragraphs 27-31 and the other instances alleged in paragraph 74-75. Plaintiffs are informed and believe, and on that basis allege, that these acts and omissions continue until the present time.

241.   Plaintiffs N.S. and Shawna Alexander allege that the foregoing acts and omissions of Wellpath denied Gabriel Strickland timely and effective mental health evaluation and care during his incarceration from December 26th to on or about December 28, 2019, and that as the direct consequence of this failure, an accurate assessment of Gabriel Strickland's mental health was not provided to the Nevada County Probation Department, the Nevada County District Attorney's Office, or the Nevada County Superior Court to determine whether Gabriel Strickland should be released from custody.

242.   As the further direct consequence of the foregoing depravation of his constitutional right to timely and effective medical care by Wellpath, Gabriel Strickland was released from custody on or about December 28, 2019 without having had appropriate medical treatment and in a mentally impaired state that

50

included, *inter alia*: (a) psychological delusions and/or suicidal ideations that made him very likely to cause harm to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (b) the inability to understand and/or respond to the commands of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball on January 1, 2020, to "drop the fucking gun", thereby leading to the death of Gabriel Strickland as described in foregoing paragraphs 32-63.

243.    The foregoing acts and omissions of Defendant Wellpath were done under the color of state law and were a direct and proximate cause of the violation of the constitutional rights of Gabriel Strickland.

244.    As the result of the foregoing wrongful conduct of Defendant Nevada County, Plaintiffs N.S. and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

245.    The foregoing acts and omissions of Defendant Wellpath were committed with malice that was despicable and done with callous disregard for Gabriel Strickland.  As a result, punitive damages should be awarded against Defendant Wellpath.

246.    As a direct and proximate result of the foregoing conduct of Defendant Wellpath, Plaintiffs N.S. and Shawna Alexander have been forced to file this action under 42 U.S.C. § 1983, and are entitled to recover their attorney's fees and costs under 42 U.S.C. § 1988.

## SEVENTEENTH CLAIM

### Rehabilitation Act
### (29 U.S.C. § 701, et seq.)

### Defendants Nevada County and City of Grass Valley

247.    Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Nevada County and City of Grass Valley.

248.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

249.    Defendants Nevada County and City of Grass Valley each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104.

250.    Plaintiff Estate of Gabriel Strickland is informed and believes, and on that basis alleges, that Defendants Nevada County and City of Grass Valley receive federal financial assistance, including assistance within the meaning of 29 U.S.C. § 794(a).

251.    Gabriel Strickland, at all times material herein, was regarded as having a mental impairment that substantially limited one or more major life activities, or was perceived to have a mental impairment, including as alleged in paragraphs 27-31, and thus, was a person with a "disability" qualifying under the Rehabilitation Act, including 29 U.S.C. § 705(9)(B) and/or § 705(20)(A).

252.    Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, acting or purporting to act in the performance of their official duties as law enforcement officers, had the time and opportunity to assess the situation and employ accommodations (including without limitation, de-escalation or other specialized help), but they failed to provide any such reasonable accommodation for Gabriel Strickland's mental disabilities, and instead as alleged in paragraphs 32-63, they employed unreasonable and excessive force against Gabriel Strickland, and/or failed to intercede in, was an integral participant to, or aided and abetted the use of

52

unreasonable and excessive force, because of Gabriel Strickland's apparent or perceived disabilities.  These failures were in violation of the rights of Gabriel Strickland as protected by the Rehabilitation Act, 29 U.S.C. § 794, et seq..

253.   Defendants Shannan Moon, Does 1-5, Alex Gammelgard and Does 6-10, as supervisors and members of the chain of command at the time of the incident, failed to provide any reasonable accommodation for Gabriel Strickland's disabilities as alleged in paragraph 35, including without limitation, their failure to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-76) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. These failures were in violation of the rights of Gabriel Strickland as protected by the Rehabilitation Act, 29 U.S.C. § 794, et seq..

254.   Defendants Nevada County and City of Grass Valley, acting or purporting to act under color of state law, failed in their duties regarding policies, practices, and procedures for the use of force in detaining and/or arresting persons with mental illness or disabilities as alleged in paragraphs 111-115 and 123-127, respectively, which constituted a municipal failure to reasonably to accommodate Gabriel Strickland's disabilities.  These failures were in violation of the rights of Gabriel Strickland as protected by the Rehabilitation Act, 29 U.S.C. § 794, et seq..

255.   Gabriel Strickland's injuries were a direct and proximate cause of the foregoing acts and omissions of Defendants Nevada County and City of Grass Valley and their respective law enforcement personnel, thereby entitling Plaintiff Estate of Gabriel Strickland to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

256.    Pursuant to 42 U.S.C. 1988 and § 12205, the prevailing party may be awarded attorney's fees in the discretion of the court.

## EIGHTEENTH CLAIM

### Americans with Disabilities Act
### (42 U.S.C. § 12101, et seq.)

### Defendants Nevada County and City of Grass Valley

257.    Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Nevada County and City of Grass Valley.

258.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

259.    Defendants Nevada County and the City of Grass Valley each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A), and 28 C.F.R. § 35.104.

260.    Gabriel Strickland, at all times material herein, was known to Defendants as having a mental health disability that substantially limited one or more of his major life activities, including as alleged in paragraphs 27-31, and thus, was a person with a "disability" qualifying under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), in particular 42 U.S.C. § 12102(2) because Gabriel Strickland: (a) suffered from mental illness and disabilities that substantially limited one or more of his major life activities; (b) had a record of such impairment; and (c) was regarded as having such an impairment by Defendants Nevada County and City of Grass Valley.

261.    Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, acting or purporting to act in the performance of their official duties as law enforcement officers, discriminated against Gabriel Strickland because of his mental illness and disability by failing to assess the situation and employ

54

accommodations (including without limitation, de-escalation or other specialized help) for Gabriel Strickland's mental health disabilities, and instead as alleged in paragraphs 32-63, they employed unreasonable and excessive force against Gabriel Strickland, and/or failed to intercede in, was an integral participant to, or aided and abetted the use of unreasonable and excessive force.  The foregoing failures and discrimination were in violation of the rights of Gabriel Strickland under the ADA.

262.    Defendants Shannan Moon, Does 1-5, Alex Gammelgard and Does 6-10, as supervisors and members of the chain of command at the time of the incident, discriminated against Gabriel Strickland because of his mental illness and disability by failing to provide any reasonable accommodation for Gabriel Strickland's mental disabilities as alleged in paragraph 35, including without limitation, their failure to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-76) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. The foregoing failures and discrimination were in violation of the rights of Gabriel Strickland under the ADA.

263.    Defendants Nevada County and City of Grass Valley, acting or purporting to act under color of state law, failed in their duties regarding policies, practices, and procedures for the use of force in detaining and/or arresting persons with mental illness or disabilities as alleged in paragraphs 111-115 and 123-127, respectively, which constituted a municipal failure to prevent the discrimination against Gabriel Strickland by their respective law enforcement employees because of his mental disabilities.  The foregoing failures and discrimination were in violation of the rights of Gabriel Strickland under the ADA.

264.   Gabriel Strickland's injuries were a direct and proximate cause of the foregoing acts and omissions of Defendants Nevada County and City of Grass Valley and their respective law enforcement personnel, thereby entitling Plaintiff Estate of Gabriel Strickland to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

265.   Pursuant to 42 U.S.C. 1988 and § 12205, the prevailing party may be awarded attorney's fees in the discretion of the court.

## NINETEENTH CLAIM

### Americans with Disabilities Act
### (42 U.S.C. § 12101, et seq.)

### Defendants Nevada County and Wellpath

266.   Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Nevada County and Wellpath.

267.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

268.   Defendant Nevada County qualifies as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104. Defendant Wellpath is the medical contractor for Nevada County at the WBCF and is the primary provider of medical services at the WBCF.  As such, Wellpath acts or purports to act as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104.

269.   Gabriel Strickland, at all times material herein, was known to Defendants as having a mental health disability that substantially limited one or more of his major life activities, including as alleged in paragraphs 27-31, and thus, was a person with a "disability" qualifying under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), in particular 42 U.S.C. § 12102(2) because Gabriel Strickland: (a) suffered from mental illness and disabilities that substantially

limited one or more of his major life activities; (b) had a record of such impairment; and (c) was regarded as having such an impairment by Defendants Nevada County and Wellpath.

270.    As an individual with a known mental health disability under the ADA, Gabriel Strickland was qualified to receive appropriate mental health care from the Nevada County and Wellpath on the multiple occasions when he was incarcerated at WBCF in the years prior to, and including, his incarceration from December 26 to 28, 2019.  However, Nevada County and Wellpath repeatedly failed to provide Gabriel Strickland with appropriate mental health care during his incarcerations at WBCF.  Instead, Gabriel Strickland was repeatedly released from custody in a psychological state that left him unable to properly feed, clothe and house himself, or to successfully function in the local community or as a member of his family.

271.    As the direct result of failure of Nevada County and Wellpath to provide the mental health evaluation and care to Gabriel Strickland in compliance with the ADA, Gabriel Strickland suffered intense psychological and physical pain for the two or more years of his life up to, and including, December 26 to 28th, 2019, thereby causing Gabriel Strickland to suffer greater injury and indignity than other arrestees.

272.    As the further direct result of the failure of the Nevada County and Wellpath to provide the mental health evaluation and care to Gabriel Strickland in compliance with the ADA, Gabriel Strickland was released from custody at the WBCF on or about December 28, 2019 in a mentally impaired state that included, *inter alia*: (a) psychological delusions and/or suicidal ideations that made him very likely to cause harm to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (b) the inability to understand and/or respond to the commands of law enforcement.  As the predictably direct consequence of this failure to comply with the ADA,  Gabriel Strickland was unable

to understand or process the commands of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball on January 1, 2020, to "drop the fucking gun", thereby leading to the death of Gabriel Strickland as described in foregoing paragraphs 32-63.

273.   As exemplified by the foregoing allegations, Defendants Nevada County and Wellpath, acting or purporting to act under color of state law, failed in their municipal duties regarding: (a) having policies, practices, and procedures for providing mental health evaluation and care for inmates at WBCF; (b) properly training their respective personnel in providing mental health evaluation and care to inmates with mental illness or disability at WBCF; (c) supervising their respective personnel to ensure that adequate mental health evaluation and care was provided to inmates with mental illness or disability at WBCF; and (d) enforcing the policies, practices, and procedures for providing mental health evaluation and care that did exist.  The foregoing acts and omissions of Defendants Nevada County and Wellpath constituted municipal failures to prevent discrimination against Gabriel Strickland because of his mental disabilities, and thereby violated the rights of Gabriel Strickland under the ADA.

274.   Gabriel Strickland's injuries were a direct and proximate cause of the foregoing acts and omissions of Defendants Nevada County and Wellpath, thereby entitling Plaintiff Estate of Gabriel Strickland to recover general and compensatory damages under the ADA as allowed by law and according to proof, as set forth in the Prayer, below.

275.   Pursuant to 42 U.S.C. 1988 and 42 U.S.C. § 12205, Plaintiff Estate of Gabriel Strickland may be awarded attorney's fees in the discretion of the court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATE CLAIMS

## TWENTIETH CLAIM

### Unreasonable and Excessive Force
### (Cal. Const., Art. I, §§ 1, 7, 13)

**Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-10; City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15**

276. Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

277. The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

278. Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Gabriel Strickland, and/or failed to intercede in, was an integral participant to, or aided and abetted the use of unreasonable and excessive force against Gabriel Strickland in violation of his rights under Article I, §§ 1, 7, and 13 of the California Constitution.

279. Defendants Nevada County and City of Grass Valley are policy-making authorities that failed to implement adequate UOF PPPs and/or failed to train or supervise their employees in the UOF PPPs such that effective UOF PPPs were not enforced, thereby resulting in Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball's use of unreasonable and excessive force against Gabriel Strickland in violation of rights protected by Article I, §§ 1, 7, and 13 of the California Constitution..

280. Defendants Shannan Moon, Does 1 to 5, Alex Gamelgard, and Does 11 to 15, were the supervisors charge with enforcing the UOF PPPs but they failed to: (a)

make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-70) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. As the direct result, unreasonable and excessive force was used against Gabriel Strickland in violation of rights protected by Article I, §§ 1, 7, and 13 of the California Constitution.

281.   Defendants Nevada County and City of Grass Valley are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

282.   As the result of the foregoing wrongful conduct of Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15, Plaintiffs Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

283.   The foregoing acts of Defendants Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15  were committed with malice that was despicable and done with callous disregard for Gabriel Strickland. As a result, punitive damages should be awarded against these Defendants.

**TWENTY FIRST CLAIM**

**Bane Act**
**(Cal. Civ. Code § 52.1)**

**Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp,**
**City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube,**
**Conrad Ball, and Does 1 to 15**

284. Plaintiffs Estate of Gabriel Strickland, N.S., and Shawna Alexander assert this Claim against Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

285. The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

286. Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, acting or purporting to act in the performance of their official duties as law enforcement officers, used threats, intimidation, coercion, and unnecessary and excessive force against Gabriel Strickland to interfere with his exercise and enjoyment of the rights secured by both the U.S. Constitution and the California Constitution, including his right to life and the rights of N.S., and Shawna Alexander to the parent child relationship.

287. Defendants Shannan Moon, Does 1 to 5, Alex Gamelgard, and Does 11 to 15, were the supervisors charge with enforcing the UOF PPPs but they failed to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-70) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. As the direct result of these acts and omissions, Defendants Taylor King, Brandon Tripp, Brian Hooper,

Dennis Grube, and Conrad Ball's used threats, intimidation, coercion, and unnecessary and excessive force against Gabriel Strickland to interfere with his exercise and enjoyment of the rights secured by both the U.S. Constitution and the California Constitution, including his right to life and the rights of N.S. and Shawna Alexander to the parent child relationship.

288.    Defendants Nevada County and City of Grass Valley are policy-making authorities that failed to implement adequate UOF PPPs and/or failed to train or supervise their employees in the UOF PPPs such that effective UOF PPPs were not enforced, thereby resulting in Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball's use of threats, intimidation, coercion, and unnecessary and excessive force against Gabriel Strickland to interfere with his exercise and enjoyment of the rights secured by both the U.S. Constitution and the California Constitution, including his right to life and the rights of N.S. and Shawna Alexander to the parent child relationship.

289.    Defendants Nevada County and City of Grass Valley are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 815.6, 820(a), and Civil Code §52.1 for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

290.    As the result of the foregoing wrongful conduct of Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15, Plaintiffs Estate of Gabriel Strickland, N.S., and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below. Pursuant to California Civil Code §52(a) and §52.1(b), Plaintiff is entitled to treble the amount of consequential damages that are

proven.  In addition, Plaintiff is entitled to recover his costs and attorney's fees under Civil Code § 52(b) and § 52.1(h).

291.    The foregoing acts of Defendants Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15  were committed with malice that was despicable and done with callous disregard for Gabriel Strickland. As a result, punitive damages should be awarded against these Defendants.

## TWENTY SECOND CLAIM

### Assault / Battery

292.    Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

293.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

294.    Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force to assault and batter Gabriel Strickland, and/or failed to intercede in, were integral participants in, or aided and abetted the use of unreasonable and excessive force to assault and batter Gabriel Strickland.

295.    Defendants Nevada County and City of Grass Valley are policy-making authorities that failed to implement adequate UOF PPPs and/or failed to train or supervise their employees in the UOF PPPs such that effective UOF PPPs were not enforced, thereby resulting in Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball's use of unreasonable and excessive force in

1   the assault and battery of Gabriel Strickland.

2   296.   Defendants Shannan Moon, Does 1 to 5, Alex Gamelgard, and Does 11 to 15,

3   were the supervisors charged with enforcing the UOF PPPs but they failed to: (a)

4   make any appropriate operational or tactical changes to the Plan to minimize the

5   use of force; (b) order any de-escalation measures that might have prevented the

6   wrongful use of force (e.g., such as obtain the assistance of a trained mental health

7   provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in

8   paragraphs 64-70) to minimize the use of force; or (d) actively supervise the

9   execution of the Plan to make sure it was effectuated properly. As the direct result,

10   unreasonable and excessive force was used in the assault and battery of Gabriel

11   Strickland.

12   297.   Defendants Nevada County and City of Grass Valley, are vicariously liable,

13   through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§

14   815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of

15   their employees acting within the scope of their employment, including Defendants

16   Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian

17   Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

18   298.   As the result of the foregoing wrongful conduct of Defendants Nevada

19   County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass

20   Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to

21   15, Plaintiff Estate of Gabriel Strickland is entitled to recover general and

22   compensatory damages as allowed by law and according to proof, as set forth in the

23   Prayer, below.

24   299.   The foregoing acts of Defendants Shannan Moon, Taylor King, Brandon

25   Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and

26   Does 11 to 15  were committed with malice that was despicable and done with

27   callous disregard for Gabriel Strickland. As a result, punitive damages should be

28                                     64

awarded against these Defendants.

## TWENTY THIRD CLAIM

### Negligence

300.   Plaintiff Estate of Gabriel Strickland asserts this Claim against Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

301.   The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

302.   Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Gabriel Strickland a duty of care and breached that duty by, *inter alia*: (a) employing the inappropriate tactical conduct and decisions in the Plan; and (b) using unreasonable and excessive force against Gabriel Strickland.

303.   Defendants Nevada County and City of Grass Valley are policy-making authorities that had a duty to, but failed to implement adequate UOF PPPs and/or to train or supervise their employees in the UOF PPPs such that effective UOF PPPs would be enforced.  As a consequence of this breach of duty, Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball used unreasonable and excessive force against Gabriel Strickland.

304.   Defendants Shannan Moon, Does 1 to 5, Alex Gamelgard, and Does 11 to 15, were the supervisors that had the duty to enforce the UOF PPPs, but they breached their duty by failing to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-70) to minimize the use of force; or (d)

actively supervise the execution of the Plan to make sure it was effectuated properly. As the direct result, unreasonable and excessive force was used against Gabriel Strickland.

305.   Defendants Nevada County and City of Grass Valley are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

306.   As the result of the foregoing wrongful conduct of Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15, Plaintiffs Estate of Gabriel Strickland is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

307.   The foregoing acts of Defendants Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15  were committed with malice that was despicable and done with callous disregard for Gabriel Strickland. As a result, punitive damages should be awarded against these Defendants.

## TWENTY FOURTH CLAIM

### Wrongful Death
### (Cal. Code Civ. Proc. § 377.60)

**Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15**

308.   Plaintiff N.S. asserts this Claim Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian

Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15.

309.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

310.    Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in wrongful acts which caused Gabriel Strickland's death, including *inter alia*: (a) employing inappropriate tactical conduct and decisions in the Plan; and (b) using unreasonable and excessive force against Gabriel Strickland.

311.    Defendants Nevada County and City of Grass Valley are policy-making authorities that wrongfully failed to implement adequate UOF PPPs and/or to train or supervise their employees in the UOF PPPs such that effective UOF PPPs would be enforced.  As a consequence of this wrongful activity, Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball used unreasonable and excessive force against Gabriel Strickland.

312.    Defendants Shannan Moon, Does 1 to 5, Alex Gamelgard, and Does 11 to 15, were the supervisors wrongfully failed to enforce the UOF PPPs by failing to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-70) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. As the direct result, unreasonable and excessive force was used against Gabriel Strickland.

313.    Defendants Nevada County and City of Grass Valley are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of

67

their employees acting within the scope of their employment, including Defendants Shannan Moon, Taylor King, Brandon Tripp, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 1 to 10.

314.    As the result of the foregoing wrongful conduct of Defendants Nevada County, Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, City of Grass Valley, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15, Plaintiff N.S. is entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

315.    The foregoing acts of Defendants Shannan Moon, Taylor King, Brandon Tripp, Does 1-5, Alex Gamelgard, Brian Hooper, Dennis Grube, Conrad Ball, and Does 11 to 15  were committed with malice that was despicable and done with callous disregard for Gabriel Strickland. As a result, punitive damages should be awarded against these Defendants.

## TWENTY FIFTH CAUSE OF ACTION

### Defendants Wellpath, Brent Weldemere, Richard Donofrio, and Does 16-20

### Medical Malpractice

316.    Plaintiffs Estate of Gabriel Strickland, N.S., and Shawna Alexander assert this Claim Defendants Wellpath, Brent Weldemere, Richard Donofrio and Does 16 to 20.

317.    The allegations of the preceding paragraphs 1 to 91 are re-alleged and incorporated herein, to the extent relevant, as if fully set forth in this Claim.

318.    Defendants Wellpath, Brent Weldemere, Richard Donofrio and Does 16 to 20 were responsible for providing medical care for inmates at WBCF that met professional medical practices and standards.

319.    Defendants Wellpath, Brent Weldemere, Richard Donofrio and Does 16 to 20 failed to comply with professional medical practices and standards in the care and

treatment of Gabriel Strickland by, *inter alia*, failing to have Gabriel Strickland examined by a medical professional qualified to perform mental health examinations to determine whether Gabriel Strickland was suffering from, *inter alia*, psychological delusions and/or suicidal ideations that made him: (a) unable to provide a home for himself; (b) a danger to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (c) incapable of understanding and/or reasonably responding to the commands of law enforcement in the field.

320.   As a direct and proximate cause of this negligence and failure to meet applicable professional standards of care, Plaintiff was released without treatment from WBCF into the general public where he was a danger to himself and to others in the immediate to near future (i.e., within hours to a few days of his release).

321.   As the result of the foregoing wrongful conduct of Defendants Wellpath, Brent Weldemere, Richard Donofrio and Does 16 to 20, Plaintiffs Estate of Gabriel Strickland, N.S., and Shawna Alexander are entitled to recover general and compensatory damages as allowed by law and according to proof, as set forth in the Prayer, below.

322.   The foregoing acts and omissions of Defendants Wellpath, Brent Weldemere, Richard Donofrio and Does 16 to 20 were committed with callous and wanton disregard that was despicable and done with full knowledge of the physical and mental pain and suffering to Plaintiff.  As a result, punitive damages should be awarded against Defendants Wellpath, Brent Weldemere, Richard Donofrio and Does 16 to 20.

## PRAYER

**Wherefore**, Plaintiffs pray for judgment against Defendants as follows:

1.   For general and compensatory damages according to proof against all Defendants;

2.   For punitive damages against Defendants Shannan Moon, Taylor King, Brandon Tripp, Joseph McCormack, Does 1-10, Alex Gammelgard, Brian Hooper, Dennis Grube, Conrad Ball, Does 11-15, Wellpath, Brent Weldemere, Richard Donofrio, and Does 16-20;

3.   For reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, 29 U.S.C. § 794, 42 U.S.C. § 12205; Cal. Civil Code §52(b) and §52.1(h), Cal. Code Civ. Proc. § 1021.5, and any other applicable statute;

4.   For treble damages pursuant to Cal. Civil Code §52(a) and §52.1(b);

5.   For cost of suit herein incurred for all counts; and

6.   For such other and further relief as the Court deems just and proper.


Dated: January 28, 2021                    Respectfully,


                                           By:  /s/  Patrick H. Dwyer
                                           Patrick H. Dwyer, SBN 137743
                                           P.O. Box 1705; 17318 Piper Lane
                                           Penn Valley, CA  95946
                                           Tel: (530) 432-5407
                                           Fax: (530) 432-9122
                                           pdwyer@pdwyerlaw.com

70

1
2

## JURY TRIAL DEMAND

3
4       A Jury Trial is demanded on behalf of Plaintiffs Estate of Gabriel Strickland,
5
N.S., and Shawna Alexander.
6
7
8       Dated: January 28, 2021                    Respectfully Submitted,
9
10
11                                                  By: /s/ Patrick H. Dwyer
                                                    Patrick H. Dwyer, SBN 137743
12                                                  P.O. Box 1705; 17318 Piper Lane
                                                    Penn Valley, CA  95946
13                                                  Tel: (530) 432-5407
                                                    Fax: (530) 432-9122
14                                                  pdwyer@pdwyerlaw.com
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                          71