1  Mildred K. O'Linn (State Bar No. 159055)
   Lynn Carpenter (State Bar No. 310011)
2  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
3  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
4  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
5
   Attorneys for Defendant
6  NEVADA COUNTY

7

8              **UNITED STATES DISTRICT COURT**

9     **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

10

11  Estate of Gabriel Strickland, N.S., and        Case No. 2:21-cv-00175-MCE-AC
    Shawna Alexander,                              District Judge. Morrison C. England
12                                                 Magistrate Judge Allison Claire
                  Plaintiffs,
13                                                 **REPLY OF DEFENDANT NEVADA**
          v.                                       **COUNTY TO PLAINTIFFS'**
14                                                 **OPPOSITION TO MOTION TO**
                                                   **DISMISS PORTIONS OF**
15  Nevada County, California, operator of         **PLAINTIFFS' COMPLAINT;**
    the Nevada County Sheriff's Office,            **MEMORANDUM OF POINTS AND**
    Sheriff Shannon Moon, Deputy Taylor            **AUTHORITIES IN REPLY**
16  King, Deputy Taylor King, Deputy
    Brandon Tripp, Officer Joseph
17  McCormack, and Does 1-10; City of             Date:   March 25, 2021
    Grass Valley, California, operator of                  (vacated and submitted)
18  Grass Valley Police Department,              Time:   2:00 p.m.
    Chief Alex Gammelgard, Officer Brian          Ctrm:   7 (14th Floor)
19  Hooper, Officer Dennis Grube,
    Officer Conrad Ball, and Does 11 to 15;      Complaint Filed:   01/28/21
20  Wellpath Management, Inc., and the           Trial Date:        N/A
    following personnel: Brent Weldemere,
21  Richard Donofrio, and Does 16 through
    20;
22
                  Defendants.
23

24  TO PLAINTIFFS ESTATE OF GABRIEL STRICKLAND, N.S., AND SHAWNA

25  ALEXANDER, AND TO THEIR ATTORNEYS OF RECORD:

26       Defendant NEVADA COUNTY submits the following reply to "Plaintiff's

27  Opposition to Defendant Nevada County's Motion To Dismiss" [Doc. 22] filed on

28  March 11, 2021.

                                    1

# TABLE OF CONTENTS

**Page**

1. ADDITIONAL LEGAL STANDARDS ON A MOTION TO DISMISS. ................................................................................................ 1

2. THE COURT SHOULD DISMISS PLAINTIFFS' 4th AND 12th CLAIMS AGAINST NEVADA COUNTY UNDER 42 U.S.C. § 1983 FOR POLICY, CUSTOM OR PRACTICE CAUSING UNREASONABLE AND EXCESSIVE FORCE (FOURTH AMENDMENT). ...................................................................................... 1

    A. The Multiple Prior Incidents Alleged Do Not Support Plaintiffs' 4th And 12th Municipal Liability Claims Against Nevada County. .................................................................................... 1

    B. The Subsequent Incident First Raised In Plaintiffs' Opposition Papers Does Not Support Their 4th And 12th Municipal Liability Claims Against Nevada County. ........................................... 4

    C. The Single Incident Alleged By Plaintiffs Fails To State A Claim For Municipal Liability Against Nevada County. ................................. 5

3. THE COURT SHOULD DISMISS PLAINTIFFS' 7th AND 15th CLAIMS AGAINST NEVADA COUNTY UNDER 42 U.S.C. § 1983 FOR POLICY, CUSTOM OR PRACTICE OF DELIBERATE AND CALLOUS DISREGARD OF INMATE MEDICAL NEEDS (FOURTH AMENDMENT). ...................................................................... 7

    A. The Prior Incidents Alleged Do Not Support Plaintiffs' 7th And 15th Municipal Liability Claims Against Nevada County. .................... 7

    B. The Single Incident Alleged By Plaintiffs Is Insufficient To State A Claim For Municipal Liability Against Nevada County. ................... 7

4. THE COURT SHOULD DISMISS PLAINTIFFS' 20th CLAIM AGAINST NEVADA COUNTY FOR UNREASONABLE AND EXCESSIVE FORCE IN VIOLATION OF THE ARTICLE I, SECTIONS 1, 7 AND 13 OF THE CALIFORNIA CONSTITUTION. .......... 8

5. THE COURT SHOULD DISMISS PLAINTIFFS' 21st THROUGHT 24th STATE LAW CLAIMS AGAINST NEVADA COUNTY TO THE EXTENT THEY ASSERT DIRECT LIABILITY. ........................................ 9

6. NEVADA COUNTY'S MOTION TO DISMISS CERTAIN CLAIMS IN PLAINTIFFS' COMPLAINT TOLLS ITS TIME TO ANSWER ALL CLAIMS. ............................................................................................. 10

7. CONCLUSION. ........................................................................................ 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## CASES

*City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ...............................................................................................................1, 6

*City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ......................................................................................................................1

*Connick v. Thompson,* 563 U.S. 51, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) ..5, 6, 8

*Dillman v. Tuolumne County*, 2013 U.S. Dist. LEXIS 65206 (E.D. Cal., May 7, 2013)....................................................................................................6, 7, 8

*Edwards v. Oliver*, 2019 U.S. Dist. LEXIS 163238 (N.D. Tex., Aug. 12, 2019)..........................................................................................................3

*Enciso v. City of Los Altos*, 2015 Cal.App.Unpub. LEXIS 3038 (2015) ....................9

*Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) .......................................................1

*Herron v. Best Buy Stores, L.P.*, 2014 U.S. Dist. LEXIS 155015 (E.D. Cal., Oct. 30, 2014)..............................................................................................9

*Johnson v. Shasta County*, 83 F. Supp. 3d 918 (E.D. Cal. 2015).............................10

*Knickerbocker v. United States*, 2018 U.S. Dist. LEXIS 23603 (E.D. Cal., Feb. 13, 2018)...........................................................................................2, 4

*Knighten v. City of Anderson*, 2016 U.S. Dist. LEXIS 44153 (E.D. Cal., Mar. 31, 2016)...........................................................................................3, 4

*Maric v. Alvarado*, 2020 U.S. Dist. LEXIS 33848 (E.D. Cal., Feb. 27, 2020)...........8

*Reinhardt v. Santa Clara County*, 2006 U.S. Dist. LEXIS 101985 (N.D. Cal., Nov. 1, 2006).............................................................................................9

*Rivera v. County of Los Angeles*, 745 F.3d 384 (9th Cir. 2014) ...............................2

*Schneider v. California Dep't of Corrections*, 151 F.3d 1194 (9th Cir. 1998)1, 4, 5, 7

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996) ..........................................................2

*Turner v. Byer*, 2020 U.S. Dist. LEXIS 167799 (E.D. Cal., Sept. 14, 2020)..........2, 4

*Velasquez v. County of San Bernardino*, 2018 U.S. Dist. LEXIS 225839 (C.D. Cal., Mar. 1, 2018) ...............................................................................9

**STATUTES**

California Government Code § 815.6...................................................................................9

**RULES**

Fed.R.Evid. 201 ...................................................................................4

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## 1.   ADDITIONAL LEGAL STANDARDS ON A MOTION TO DISMISS.

3      "Although factual allegations are taken as true, we do not 'assume the truth of

4  legal conclusions merely because they are cast in the form of factual allegations.'

5  [citation]. Therefore, 'conclusory allegations of law and unwarranted inferences are

6  insufficient to defeat a motion to dismiss.' [citations]."  *Fayer v. Vaughn*, 649 F.3d

7  1061, 1064 (9th Cir. 2011).

8      "[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not

9  look beyond the complaint *to a plaintiff's moving papers, such as a memorandum in*

10  *opposition to a defendant's motion to dismiss*.  [citations].  The focus of any Rule

11  12(b)(6) dismissal - both in the trial court and on appeal - is the complaint."  *Schneider*

12  *v. California Dep't of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) (emphasis

13  added).

## 2.   THE COURT SHOULD DISMISS PLAINTIFFS' 4th AND 12th CLAIMS AGAINST NEVADA COUNTY UNDER 42 U.S.C. § 1983 FOR POLICY, CUSTOM OR PRACTICE CAUSING UNREASONABLE AND EXCESSIVE FORCE (FOURTH AMENDMENT).

14

15

16      Contrary to plaintiffs' opposition [Doc. 22, 4:2-5:15], the allegations of

17  plaintiffs' complaint fail to state a municipal liability claim against Nevada County

18  under either *City of Oklahoma v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427, 85

19  L.Ed.2d 791 (1985) or under *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct.

20  1197, 103 L.Ed.2d 412 (1989).

21

22

### A.   The Multiple Prior Incidents Alleged Do Not Support Plaintiffs' 4th And 12th Municipal Liability Claims Against Nevada County.

23      In most cases involving a failure to train, "[a] pattern of similar constitutional

24  violations by untrained employees is ordinarily necessary to demonstrate deliberate

25  indifference for purposes of failure to train." *Canton, supra,* 489 U.S. at 62.  This is

26  because "[a] municipality's culpability for a deprivation of rights is at its most tenuous

27  where a claim turns on a failure to train." *Canton, supra,* 489 U.S. at 61.

28      Similarly, "[l]iability for improper custom may not be predicated on isolated or

DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  sporadic incidents; it must be founded upon practices of sufficient duration, frequency

2  and consistency that the conduct has become a traditional method of carrying out

3  policy. [Citations]." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  "[A] single

4  instance is not sufficient to show that a 'practice is so widespread as to have the force

5  of law.'" *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014).

6       Contrary to plaintiffs' opposition, this Court cannot take judicial notice from

7  the Howie video that the force used was "excessive and totally unnecessary" and

8  "outrageous" [Doc. 22, 9:21-26], that Howie was "cooperating" [Doc. 22, 10:1-3],

9  that there was a "totally unnecessary 'pile on'" [Doc. 22, 10:7-10], and that Howie was

10 "unable to stand on his own" and was "dumped onto a floor mat" [Doc. 22, 10:11-13].

11      "A court 'may judicially notice a fact that is not subject to reasonable dispute

12 because it… can be accurately and readily determined from sources whose accuracy

13 cannot reasonably be questioned.' Fed.R.Evid. 201(b).  This has been understood to

14 mean that courts 'may take judicial notice of "matters of public record."' [Citations].

15 However, a court may take judicial notice of those matters contained in public records

16 which are undisputed.  The government does not merely wish the court to take judicial

17 notice of the fact that these videos exist: *it requests the court to take judicial notice of*

18 *the contents of the video to purportedly show that the defendant rangers did not*

19 *employ excessive force.  This obviously is disputed by plaintiff, and is far beyond the*

20 *usual purposes of judicial notice*. [Citation].  *Accordingly, the court declines to grant*

21 *the government's request that judicial notice be taken*."  *Knickerbocker v. United*

22 *States*, 2018 U.S. Dist. LEXIS 23603, *15-16 (E.D. Cal., Feb. 13, 2018).  See also:

23 *Turner v. Byer*, 2020 U.S. Dist. LEXIS 167799, *4 (E.D. Cal., Sept. 14, 2020)

24 ("[D]efendant does not ask only that the court recognize the video's existence, *he*

25 *requests that the court weigh its contents and determine whether excessive force*

26 *occurred*.  Such weighing of evidence, outside the pleadings is more appropriately

27 reserved for a motion for summary judgment, or trial. [Citation].  [¶] Accordingly,

28 defendant's request for judicial notice is denied and the court will not consider the

**DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT**

1    video evidence in ruling on the motion to dismiss." (emphasis added; internal citations

2    and footnote omitted)), and *Knighten v. City of Anderson*, 2016 U.S. Dist. LEXIS

3    44153, *15-16, n. 3 (E.D. Cal., Mar. 31, 2016) ("[P]laintiff is requesting the Court to

4    take notice for the purpose of supporting his claims that the city had an

5    unconstitutional custom or policy, and that its custom or policy was a longstanding

6    practice. [Citation]. *The facts contained in both the letter and the police report do not*

7    *fit within the parameters of Rule 201 because they are subject to reasonable dispute*

8    *between the parties in this case*. Fed.R.Evid. 201(b). Additionally, although the

9    police report comes from the Redding Police Department, which is an administrative

10   body and the report is a public record, *the court does not presume that its contents are*

11   *proper for judicial notice*. [Citations]. Accordingly, it would be improper for this

12   court to take judicial notice of the attached documents to plaintiff's opposition."

13   (emphasis added))

14          Further, plaintiffs have not demonstrated that the Howie and Grizzell incidents

15   are sufficiently similar to demonstrate an unconstitutional policy, practice, or custom

16   on the part of Nevada County. The Howie and Grizzell incidents did not involve any

17   of the currently named individual defendants in this action; both of these prior

18   incidents alleged by plaintiff involved the same deputy (Deputy Grizzell). The Howie

19   and Grizzell incidents involved the use of physical force by Deputy Grizzell, not a

20   use of deadly force as in this case. The Howie and Grizzell incidents involved the use

21   of physical force by Deputy Grizzell on suspects who were already in custody and

22   inside the jail. Although in the criminal case Deputy Grizzell pled guilty to a charge

23   of assault by a police officer [¶ 75], the Howie civil case was resolved with a

24   settlement. [¶ 74]. "Demonstrating '[a] pattern requires similarity and specificity;

25   "*[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather*

26   *must point to the specific violation in question*."' [Citations]." *Edwards v. Oliver*,

27   2019 U.S. Dist. LEXIS 163238, *23 (N.D. Tex., Aug. 12, 2019) (emphasis added).

28          Plaintiffs' reference in their complaint [¶ 87] and in their opposition [Doc. 22,

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

3

1    11:14-12:6] to the Peterson incident cannot demonstrate an unconstitutional policy,

2    practice, or custom on the part of Nevada County, as it involved use of force by GVPD

3    officers, not NCSO deputies.

**B.      The Subsequent Incident First Raised In Plaintiffs' Opposition Papers Does Not Support Their 4th And 12th Municipal Liability Claims Against Nevada County.**

6        Plaintiffs' opposition [Doc. 22, 12:7-13:16] requests the Court take judicial

7    notice of the video of the Crawford incident which occurred on February 4, 2021.

8    Nevada County objects to this request.

9        First, there is no reference to the Crawford incident nor the Crawford video in

10   plaintiffs' complaint.  See: *Turner, supra*, 2020 U.S. Dist. LEXIS 167799, *2-3

11   ("[T]he video is not part of the complaint and thus is extrinsic material not properly

12   considered in determining whether the allegations of the complaint are sufficient to

13   state a claim for relief.").  See also: *Schneider, supra*, 151 F.3d at 1197.

14       Second, Nevada County objects to plaintiffs' request for judicial notice that the

15   Crawford video shows "the apparent absence of any training of the NCSO deputies in

16   responding to someone with serious mental health issues" [Doc. 22, 13:1-2], that the

17   dispatch call "should have alerted them that a careful approach and de-escalation

18   techniques would be necessary upon arrival at the scene" [Doc. 22, 13:2-6], that

19   NCSO deputies "should have been able to have NCSO dispatch notify a mental health

20   professional or negotiator (either on staff or available by emergency telephone call)

21   for assistance" [Doc. 22, 13:6-8], and that "the deputies should have been properly

22   trained for such a mental health situation" [Doc. 22, 13:9-12], and that "the result was

23   predictable: an unnecessary death and traumatic shock to the victims' young two

24   children who watched the deputies shoot her in the back." [Doc. 22, 13:12-13].  Facts

25   subject to reasonable dispute between the parties cannot be judicially noticed.

26   Fed.R.Evid. 201(b); *Knickerbocker, supra*, 2018 U.S. Dist. LEXIS 23603, *15-16;

27   *Turner, supra*, 2020 U.S. Dist. LEXIS 167799, *4; and *Knighten, supra*, 2016 U.S.

28   Dist. LEXIS 44153, *15-16, n. 3 (E.D. Cal., Mar. 31, 2016).

4

**DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

The Court should also disregard the allegations in plaintiffs' opposition [Doc. 22, 13:25-27, n. 8] which are not alleged in plaintiffs' complaint.  In ruling on Nevada County's pending motion to dismiss, the Court should not consider facts raised for the first time in plaintiffs' opposition papers.  *Schneider, supra*, 151 F.3d at 1197.

**C.     The Single Incident Alleged By Plaintiffs Fails To State A Claim For Municipal Liability Against Nevada County.**

"In *Canton*, the Court left open the possibility that, '*in a narrow range of circumstances*,' a pattern of similar violations might not be necessary to show deliberate indifference.  [Citation].  The Court posed the hypothetical example of a city that arms its police force with firearms and deploy the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force. [Citation].  Given the known frequency with which police attempt to arrest fleeing felons and the 'predictability that an officer lacking specific tools to hand the situation will violate citizens' right,' the Court theorized that a city's decision not to train its officer about constitutional limits on the use of deadly force could reflect the City's deliberate indifference to the 'highly predictable consequence,' namely, violation of constitutional rights.  The Court sought not to foreclose the possibility, *however rare*, that the unconstitutional consequences of failure to train could be so patently obvious that a city could be liable under section 1983 without proof of a pre-existing pattern of violations."  *Connick v. Thompson,* 563 U.S. 51, 63-64, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) (emphasis added).

"The *Canton* hypothetical assumes that *the armed police officers have no knowledge at all of the constitutional limits on the use of deadly force." Connick, supra,* 563 U.S. at 67 (emphasis added).  "[S]howing merely that additional training would have been helpful in making difficult decisions does not establish municipal liability.  '[P]rov[ing] that an injury or accident could have been avoided if an [employer] had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct' will not suffice. [Citation].  The possibility of

**DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT**

MANNING &KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    single-incident liability that the Court left open in *Canton* is not this case. [fn.

2    omitted]." *Connick, supra,* 563 U.S. at 68.

3        Similarly here, the allegations in plaintiffs' complaint do not fall within the

4    "narrow range" of *Canton's* hypothesized single incident liability.  Here, plaintiffs

5    allege that Nevada County had a use-of-force policy, practice, or procedure ("UOF

6    PPP") as to the use of force against mentally ill or substance impaired individuals [¶

7    70], but that it did not give "specific directive" [¶ 71] and was inadequate as to how

8    to engage such individuals [¶ 72].  Plaintiffs further allege that Nevada County did

9    not undertake "specific, appropriate, or adequate" means to train or supervise its

10   officers in the UOF PPPs it did have for the detention and arrest of such persons.  [¶

11   72].  Plaintiffs allege that Nevada County failed to have "appropriate UOF PPPs"

12   [¶77].  Plaintiffs allege that Nevada County failed to establish PPPs that were

13   "constitutionally sufficient".  [¶¶ 112, 189].  Plaintiffs allege that Nevada County

14   failed to "adequately train" [¶¶ 73, 77, 113, 190], "adequately supervise" [¶¶ 77, 114,

15   191] and "adequately enforce PPPs."  [¶¶ 77,115, 192].

16       Similar allegations were found to be insufficient to state a claim under *Canton's*

17   single-incident rule in *Dillman v. Tuolumne County*, 2013 U.S. Dist. LEXIS 65206

18   (E.D. Cal., May 7, 2013).  "Here, the FAC acknowledges that Tuolumne County had

19   specific policies regarding the application of handcuffs and the use of strip searches.

20   According to the FAC, pursuant to §354.2 of the Tuolumne County Sheriff's Policy

21   manual….  The FAC alleges generally that Sheriff's Department personnel were 'not

22   *properly* hired, trained, or supervised,' [Citation], and more specifically the defendant

23   breached the *existing* restraint *policy*. [Citation].  *These allegations do not fall within*

24   *the single-incident framework, as they fail to allege a total failure to train on a broad*

25   *subject of constitutional conduct*."  *Dillman, supra*, 2013 U.S. Dist. LEXIS 65206 at

26   *44-45 (emphasis added).  "The FAC does set forth facts suggesting that the policy

27   was breached *but nowhere suggests that employees received no training on this*

28   *subject*. *Connick* requires a showing that a defendant 'was on notice that it was "highly

6

**DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT**

1  predictable'" that relevant employees would violate constitutional rights. [Citation].

2  To provide defendants with adequate notice, plaintiffs must do more than conclusory

3  alleged that the County did not 'properly train' its employees." *Dillman, supra*, 2013

4  U.S. Dist. LEXIS 65206 at *47 (emphasis added).

5        Accordingly, the Court should grant Nevada County's motion to dismiss

6  plaintiffs' fourth and twelfth claims.

**3.**      **THE COURT SHOULD DISMISS PLAINTIFFS' 7th AND 15th CLAIMS AGAINST NEVADA COUNTY UNDER 42 U.S.C. § 1983 FOR POLICY, CUSTOM OR PRACTICE OF DELIBERATE AND CALLOUS DISREGARD OF INMATE MEDICAL NEEDS (FOURTH AMENDMENT).**

10        **A.**      **The Prior Incidents Alleged Do Not Support Plaintiffs' 7th And 15th Municipal Liability Claims Against Nevada County.**

12        Plaintiffs' opposition [Doc. 22, 10:24-27, n. 5] does not dispute that although

their complaint in this action alleges the Howie incident involved a person with mental

disabilities [¶ 74], there is no such allegation in the *Howie* complaint. [See Doc. 14-2, Defendant's Request For Judicial Notice]. Likewise, plaintiffs' opposition does not

dispute that their complaint does not allege that the inmate involved in the Grizzell

incident was a person with mental disabilities. [¶ 75]. And contrary to plaintiffs'

opposition [Doc. 22, 16:9-13], their complaint makes no mention of NCSO deputies

in connection with the Peterson incident. [¶¶ 87, 89].

19        Plaintiffs' opposition further implicitly acknowledges that their seventh and

fifteenth claims fail to state a cause of action against Nevada County by raising

numerous additional facts for the first time in their opposition papers [Doc. 22, 16:14-17:10; 17:17-26] that do not appear in their complaint. In ruling on Nevada County's

pending motion to dismiss, the Court should not consider these facts raised for the

first time in plaintiffs' opposition papers. *Schneider, supra*, 151 F.3d at 1197.

25        **B.**      **The Single Incident Alleged By Plaintiffs Is Insufficient To State A Claim For Municipal Liability Against Nevada County.**

27        Plaintiffs allege that Nevada County failed to establish policies, practices, and

28  procedure "to meet its constitutional requirement" to provide adequate and timely

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

7

medical and mental health care to persons in custody at WBCF [¶¶ 146, 223], failed to "adequately train" its personnel as to the timely and effective provision of medical and mental health care for WBCF inmates [¶¶ 147, 224], failed to "adequately monitor or enforce the medical PPPs it did have" regarding the provision of medical and mental health care for WBCF inmates [¶¶ 148, 225], failed to "adequately supervise" its personnel to ensure the timely provision of medical care to WBCF inmates.  [¶¶ 149, 226], and failed to "adequately investigate and discipline" it contract medical provider Wellpath and its jail medical personnel when inappropriate medical is given. [¶¶ 69(b), 145, 222].

These allegations also fail to state a claim under the single-action rule in *Connick*.  See:  *Connick, supra,* 563 U.S. at 67, 68; *Dillman, supra*, 2013 U.S. Dist. LEXIS 65206 at *44-45 and *47.

The Court should grant Nevada County's motion to dismiss plaintiffs' seventh and fifteenth claims.

**4.   THE COURT SHOULD DISMISS PLAINTIFFS' 20th CLAIM AGAINST NEVADA COUNTY FOR UNREASONABLE AND EXCESSIVE FORCE IN VIOLATION OF THE ARTICLE I, SECTIONS 1, 7 AND 13 OF THE CALIFORNIA CONSTITUTION.**

Plaintiffs represent that they have no objection to removing the references to Article I, sections 1 and 7 of the California Constitution from the twentieth claim by plaintiff Estate against Nevada County [Doc. 22, 18:6-8; 18:22-23], under which there is no private right of action for damages, and the Court should so order.

While Nevada County acknowledges the split of authority as to whether there is a private right of action under Article I, section 13 of the California Constitution, as noted in *Maric v. Alvarado*, 2020 U.S. Dist. LEXIS 33848, *14-15 (E.D. Cal., Feb. 27, 2020) and *Velasquez v. County of San Bernardino*, 2018 U.S. Dist. LEXIS 225839, *4-6 (C.D. Cal., Mar. 1, 2018), and see also *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 392 (2017), this private right of action cannot extend to Nevada County because Article I, section 13, is not the source of any mandatory duty

1    under Government Code § 815.6.   See *Enciso v. City of Los Altos*, 2015

2    Cal.App.Unpub. LEXIS 3038, *60-63 and 65 (2015); *Herron v. Best Buy Stores, L.P.*,

3    2014 U.S. Dist. LEXIS 155015, *7, n. 2 (E.D. Cal., Oct. 30, 2014) ("Federal courts

4    'are not precluded from considering unpublished state court opinions even though they

5    are not binding.  [Citation].")

6    **5.    THE COURT SHOULD DISMISS PLAINTIFFS' 21st THROUGHT 24th STATE LAW CLAIMS AGAINST NEVADA COUNTY TO THE**

7    **EXTENT THEY ASSERT DIRECT LIABILITY.**

8         Contrary to plaintiffs' opposition [Doc. 22, 18:24-19:12], the allegations in

9    paragraphs 288 (Bane Act), 295 (Assault/Battery), 303 (Negligence) and 311

10   (Wrongful Death) are not just mere foundation for their vicarious liability claims

11   against Nevada County.  The allegations in these paragraphs can reasonably be read

12   as attempting to assert direct liability claims against Nevada County that do not

13   comply with California Government Code § 815.6.

14        Both paragraphs 288 and 295 of plaintiffs' complaint alleges that "[*N]evada

15   *County… failed to implement* adequate UOF PPPs and/ or *failed to train or supervise*

16   their employees in the UOF PPPs such that effective UOF PPPs were not enforced…."

17   (emphasis added).  Paragraph 303 alleges that "[*N]evada County… had a duty to, but*

18   *failed to implement* adequate UOF PPPs and/or *failed to train or supervise* their

19   employees in the UOF PPPs such that effective UOF PPPs would be enforced.  As a

20   consequence of this *breach of duty*…." (emphasis added).  And paragraph 311 alleges

21   that "[*N]evada County… wrongfully failed to implement* adequate UOF PPPs and/or

22   *to train or supervise* the employees in the UOF PPPs such that effective UOF PPPs

23   would be enforced."  (emphasis added).

24        These allegations are direct liability allegations against Nevada County.  See:

25   *Reinhardt v. Santa Clara County*, 2006 U.S. Dist. LEXIS 101985, at *26 (N.D. Cal.,

26   Nov. 1, 2006) ("All allegations of direct liability on the part of the entity defendants,

27   such [as] the failure-to-train allegations, fail as a matter of law, because plaintiff has

28   cited no statute imposing such liability."); *Johnson v. Shasta County*, 83 F. Supp. 3d

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

918, 936-37 (E.D. Cal. 2015) (granting motion to dismiss negligence claim against county defendant for alleged negligence in "hiring, training, supervision, or retention of individual police officers").

This Court should dismiss plaintiffs' twenty-first through twenty-fourth state law claims insofar as they allege a direct liability claim against Nevada County.

**6.   NEVADA COUNTY'S MOTION TO DISMISS CERTAIN CLAIMS IN PLAINTIFFS' COMPLAINT TOLLS ITS TIME TO ANSWER ALL CLAIMS.**

Plaintiffs' opposition argues they are entitled to a default and default judgment on their 17th through 19th claims because Nevada County's partial motion to dismiss did not address them. [Doc. 22, 19:13-27]. On March 16, 2021, plaintiffs filed a request for default on this basis. [Docs. 23 and 23-1]. Nevada County filed its objection to this request on March 16, 2021 [Doc. 24]. On March 17, 2021, plaintiffs withdrew their request for default based upon the authorities presented in Nevada County's objection. [Doc. 25]. This is no longer an issue on this motion to dismiss.

**7.   CONCLUSION.**

Accordingly, the Court should grant Nevada County's motion to dismiss plaintiffs' fourth, seventh, twelfth, and fifteenth federal claims, and plaintiffs' twentieth state law claim, and plaintiffs' twenty-first through twenty-fourth state law claims for direct liability against Nevada County.

DATED:  March 18, 2021

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: _____
     Mildred K. O'Linn, Esq.
     Lynn Carpenter, Esq.
     Attorneys for Defendant
     NEVADA COUNTY

G:\docsdata\MKO\Strickland 7682-70000\Pleading\MTD.OC.Reply.01.docx

*(Left margin, vertical text)* MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

**DEFT. NEVADA COUNTY'S REPLY TO PLTFS' OPP. TO MTN. TO  DISMISS PLTFS' COMPLAINT**