Patrick H. Dwyer, SBN 137743
P.O. Box 1705, Penn Valley, CA 95946
Tel: (530) 432-5407; Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com
Attorney for Plaintiffs Estate of Gabriel Strickland,
N.S., and Shawna Alexander

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of Gabriel Strickland, N.S., and Shawna Alexander,<br>    Plaintiffs,<br><br>vs.<br><br>Nevada County, California, et al.,<br>    Defendants. | CASE NO.: 2:21-CV-000175-MCE-AC<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT NEVADA COUNTY'S MOTION TO DISMISS INDIVIDUAL NCSO EMPLOYEES<br><br>Date: April 22, 2021 (vacated) |

   Defendants Shannon Moon, Joseph McCormack, Taylor King, and Brandon Tripp have filed a motion (ECF 27) under FRCP 12(b)(6) to dismiss some of Plaintiff's federal and state claims against them ("Motion"). Plaintiffs submit this Opposition to Defendants' Motion.

Table of Contents

| | | |
|---|---|---:|
| I. | Introduction | 1 |
| II. | Applicable Law | 2 |
| III. | Shannon Moon is Only Named in Her Individual Capacity | 2 |
| IV. | The Allegations Against NCSO Officer McCormack Are Sufficient | 3 |
| V. | The Twentieth Cause of Action States a Cognizable Claim Under the California Constitution, Article I, Section 13 | 4 |
| VI. | The Twenty-First Cause of Action Alleges Specific Acts and Omissions by Shannon Moon that Constitute Actionable Reckless Disregard for the Life of Gabriel Strickland | 5 |
| VII. | The Twenty-Second Cause of Action Properly Alleges All Elements of A Claim for Assault & Battery | 7 |
| VIII. | Conclusion | 9 |

# Table of Authorities

**United States Supreme Court** — Page

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .................................................. 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................... 2

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997) ............ 2

**United States District Courts**

*Maric v. Alvarado*, 2020WL949938 (E.D. Cal. 2020) ........................... 5

*Frias v. City of Los Angeles*, 2020 WL 4001622 (E.D. Cal. 2020) ........ 5

*Coleman v. Newsom*, 424 F. Supp. 3d 925 (E.D. Cal. 2019) ................ 3

*Reese v. City of Sacramento*, 888 F. 3d 1030 (9th Cir. 2018) ................ 6

*Velasquez v. County of San Bernadino*, 2018WL6061204
    (C.D. Cal. 2018) ................................................................................ 5

*Elmansoury v. City of Garden Grove*, 2018 U.S. Dist. Lexis 225509
    (C.D. Cal. 2018) ................................................................................ 8

*Reyes v. City of Fresno*, 2013 WL 2147023 (E.D. Cal. 2013) ............... 6

*Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal 1995) ....................... 3

**United States Statutes & Rules of Civil Procedure**

42 U.S.C. § 1983 ................................................................................... 2

Federal Rule of Civil Procedure 12(b)(6) ............................................. 2

**California Court of Appeal**

*Lucas v. County of Los Angeles*, 47 Cal App. 4th 277 (2nd DCA 1996) . 8

*Rosh v Cave Imaging Systems*, 26 Cal App. 4th 1225 (6th DCA 1994) . 8

*Brookhouser v. St. of California*, 10 Cal. App.4th 1665
    (2nd DCA 1992) ................................................................................. 8

## I. Introduction

The factual allegations paint a clear picture of law enforcement officers that had no idea how to handle a simple situation: a young man, whom they knew to be a homeless person with mental health issues, was walking on a quiet street with what a neighbor thought might be a single barrel shotgun. The officers needed to verify whether the gun was, in fact, real or a replica. If it was real, then they needed to disarm Gabriel and take him into custody. If it was a replica, then Gabriel should have been free to continue on his way. There was no urgency, no crime in progress, and no effort by Gabriel to flee. What followed revealed multiple failures by both the field officers and their supervisors. Liability for Gabriel's unnecessary death falls upon the shoulders of everyone involved.

It is clear from the NCSO video that the responsible NCSO supervisors, including Shannon Moon, failed in their duties. They did not modify the Plan to include de-escalation and negotiation, they did not monitor the situation as it unfolded, and they did not enforce Nevada County policies on the use of lethal force. The NCSO video also shows a complete lack of, or disregard for, the necessary training that any peace officer must have before they are given lethal weapons and deployed to the field.

II. **Applicable Law for FRCP 12(b)(6) Motions**

In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*"), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") . To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged" (Emphasis added). *Iqbal* at 678.

To state a valid 42 U.S.C §1983 claim, Plaintiffs must plausibly allege that a person acting under color of state law deprived them of a federal constitutional or statutory right. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 180 (1997).

III. **Shannon Moon is Only Named in Her Individual Capacity**

Plaintiffs are aware of the legal argument and authority cited by Defendants, but their Motion in this regard is misplaced because Plaintiffs have only pleaded Shannon Moon *in her individual capacity* in the Second, Tenth, and Twentieth through Twenty-Fourth Causes of Action.  The Complaint's ¶8 is a preliminary pleading of the defendant's identity and employment and is not an allegation of any specific wrongful acts or omissions which are alleged in detail in the specific causes of action.  There is nothing substantive here for the Court to rule upon.

IV. **The Allegations Against NCSO Officer McCormack Are Sufficient**

Defendants' argument to dismiss Officer McCormack ignores the established law that *both acts and omissions are actionable* under §1983.  See the Motion at p. 8:18-21 where Defendants assert that there are no allegations that McCormack did any affirmative, wrongful act.  However, Plaintiffs have *alleged specific omissions* that violated Gabriel's well known constitutional right to mental health care that led directly to his death.

First, Officer McCormack is alleged to have deliberately and callously disregarded Gabriel Strickland's mental health while he was incarcerated in the last few days of December, 2019.  Complaint ¶¶ 135-136, 212-213.  The failure to provide any mental health care was a violation of Gabriel's long established constitutional right to timely and effective medical care under the U.S. Constitution.  See e.g., *Coleman v. Newsom*, 424 F. Supp. 3d 925 (E.D. Cal. 2019) reviewing the long history of decisions in the Eastern District of California on the constitutional obligation to provide mental health care for inmates starting with *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal 1995) and the earlier Supreme Court decisions in this regard.

Second, it is alleged that Officer McCormack's failure to provide constitutionally sufficient mental health care, *including a proper mental health evaluation*, prevented the preparation of a timely and accurate metal health assessment for the Nevada County Probation Department, the Nevada County District Attorney's Office, or the Nevada County Superior Court to use for

3

determining whether Gabriel Strickland should be released from custody. In turn, this was the direct cause of the inappropriate release of Gabriel from custody in a mentally impaired state that included, *inter alia*: (a) psychological delusions and/or suicidal ideations that made him very likely to cause harm to himself and/or to others in the immediate to near future (i.e., within hours to a few days of his release); and (b) the inability to understand and/or respond to the commands of Defendants Taylor King, Brandon Tripp, Brian Hooper, Dennis Grube, and Conrad Ball on January 1, 2020.  Complaint ¶¶ 137-140, 214-217.

The allegations in the Complaint against Officer McCormack are specific, long recognized under the law, and sufficient to state a cause of action.

V.  **The Twentieth Cause of Action States a Cognizable Claim Under the California Constitution, Article I, Section 13**

Defendants Moon, Taylor, Tripp and McCormack challenge the Twentieth Cause of Action on the grounds that the California Constitution, Article I, Sections 1 & 7 do not provide for a private right of action.  A similar objection was raised by Defendant Nevada County in its Motion to Dismiss (ECF 14) and Plaintiffs addressed that concern in their Opposition thereto (ECF 22) at p. 18.[1]

Plaintiffs core allegations are more concerned with California Constitution, Article I, Section 13.  Notably, Defendants do not challenge Plaintiffs' claims under this section, thereby impliedly conceding that it states a good cause of action.  In

---

[1] Although the Plaintiffs do not concede the correctness of the Defendants' legal argument in this regard, Plaintiffs have no objection to removing the references to Section 1 & 7.

4

fact, the District Court has recently held that a plaintiff may bring a private right of action under Article I, Section.  See e.g., *Maric v. Alvarado*, 2020WL949938 (E.D. Cal. 2020) at p. 6; see also, *Velasquez v. County of San Bernadino*, 2018WL6061204 (C.D. Cal. 2018), at p. 2, where the district court discussed the prior disputed history of rulings on this question and found that the framers of the California Constitution "intended to incorporate those remedies provided at common law" for actions under Section 13.

If the Court so orders, Plaintiffs will remove any reference to Article I, Sections 1 & 7, leaving Section 13 as the basis for the cause of action.

## VI. The Twenty-First Cause of Action Alleges Specific Acts and Omissions by Shannon Moon that Constitute Actionable Reckless Disregard for the Life of Gabriel Strickland

Defendant Shannon Moon asserts that the Twenty-First Cause of Action does not allege that she personally "engaged in any conduct toward decedent that amounted to either an interference with decedent's rights or threats, intimidation, or coercion", and therefore it fails to state a claim.  Motion at p. 11:19-22.  This is not a correct statement of either Plaintiffs' allegations or of the applicable legal standard.

The correct legal test has two parts: (1) whether the defendant's acts and omissions were a "substantial factor" in causing the harm[2]; and (2) if the wrongdoer acted with a "reckless disregard" for the plaintiff.  See *Frias v. City of Los Angeles*,

---

[2] See Section VII, below, for additional discussion of the substantial factor test under California tort law.

2020 WL 4001622 at p. 4 (E.D. Cal. 2020), citing to *Reese v. City of Sacramento*, 888 F. 3d 1030, 1045 (9th Cir. 2018).

Thus, contrary to Defendant Moon's argument, Plaintiffs' Bane Act claim only needs to allege that her acts and omissions were a substantial factor in causing the harm and that these acts were committed with a reckless disregard for the rights of Gabriel Strickland.

Plaintiffs have pleaded specific wrongdoing by Shannon Moon that was a substantial factor in the death of Gabriel. Shannon Moon was a responsible NCSO supervisor at the time of the incident, but she failed to: (a) make any appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in paragraphs 64-70) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly. Complaint ¶¶ 34-35, 287.

Plaintiffs' allegations further allege that the foregoing acts and omissions by Shannon Moon were committed with "callous disregard" for the rights of Gabriel Strickland. Complaint ¶ 291.

Defendants cite to *Reyes v. City of Fresno*, 2013 WL 2147023 (E.D. Cal. 2013) ("*Reyes*") in support of their argument. However, this case is easily distinguished, and in fact, proves the point. In *Reyes*, the only allegations by plaintiff were a bare bones claim of a general failure to have deputies properly trained. This was

6

obviously insufficient to meet the substantial factor causation test or the reckless disregard specific intent test.

Shannon Moon is trying to shed any responsibility for her failures in training her deputies, enforcing UOF PPPs, ensuring that the Plan contained appropriate de-escalation and negotiation techniques, and supervising her deputies as they executed the Plan.  Each of these alleged failures is specific act or omission that could be found by a jury to have been a substantial factor and done in reckless disregard of Gabriel's life.  Accordingly, Plaintiffs have properly stated a cause of action against Shannon Moon under the Bane Act.

### VII. The Twenty-Second Cause of Action Properly Alleges All Elements of A Claim for Assault & Battery

Defendant Shannon Moon argues that she should be dismissed from the Twenty-Second Cause of Action because the Complaint fails to allege any facts that she personally assaulted or battered Gabriel Strickland.  Motion at p. 13:2-5.  This argument fails because it does not follow the applicable California tort law on liability and causation.

Defendant correctly cites the five elements for pleading assault under California law in the Motion at p. 12:1-8.  However, Defendant's argument ignores the "substantial factor" test (the fifth pleading element) for causation.  California long ago abandoned the "proximate causation" rule and replaced it with two alternative tests for determining whether a defendant should be held accountable for a plaintiff's injury.  The first test is the question "but for" the conduct of the

7

defendant, would plaintiff have been injured. The second alternative test is whether the defendant's conduct was a *substantial factor* in causing the injury. *Brookhouser v. State of California*, 10 Cal. App.4th 1665, 1677 (1992). Liability and causation under either test is a question for the jury. *Lucas v. County of Los Angeles*, 47 Cal App. 4th 277, 289.

In evaluating the allegations in the Complaint under the substantial factor test, it does not matter whether Shannon Moon's wrongdoing was intentional or negligent: either will support a claim if the conduct was a *substantial factor* in causing the injury. *See Rosh v Cave Imaging Systems*, 26 Cal App. 4th 1225, 1235-1236 (6th DCA 1994)("*Rosh*"). In *Rosh*, the California Court of Appeal held that the defendant company was liable where the jury found that its negligence was a "substantial factor" in the shooting injury (the intentional tort of assault) to plaintiff, even though the actual shooting was done by a third party. *Ibid.* Under California tort law, Shannon Moon did not have to personally fire the gun that killed Gabriel: her conduct just had to have been negligent or reckless and a *substantial factor* in causing his death.

Defendant Moon relies upon *Elmansoury v. City of Garden Grove*, 2018 U.S. Dist. Lexis 225509 (C.D. Cal. 2018) as support for her argument, but this case is easily distinguished because the plaintiff only made a general allegation of a failure to train. In sharp contrast here, Plaintiffs have alleged specific acts and omissions by Shannon Moon that more than suffice to meet the substantial factor test. As the responsible NCSO supervisor at the time of the incident she failed to: (a) make any

8

appropriate operational or tactical changes to the Plan to minimize the use of force; (b) order any de-escalation measures that might have prevented the wrongful use of force (e.g., such as obtain the assistance of a trained mental health provider or negotiator); (c) enforce applicable UOF PPPs (such as those described in the Complaint at ¶¶ 64-70) to minimize the use of force; or (d) actively supervise the execution of the Plan to make sure it was effectuated properly.

Plaintiffs' allegations sufficiently plead that the acts and omissions of Shannon Moon were negligent and/or reckless and were a substantial factor in Gabriel's death. If should be up to a jury to decide if she should be held liable.

VIII. **Conclusion**

Based upon the Plaintiffs' allegations in the Complaint, the Motion should be denied in its entirety. However, if the Court finds otherwise, Plaintiffs request leave to amend.


Dated: April 8, 2021                    Respectfully,



                                        By: /s/ Patrick H. Dwyer
                                        Patrick H. Dwyer, Counsel for Plaintiffs