1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF GABRIEL STRICKLAND,          No.  2:21-cv-00175 MCE AC
     et al.,
12
                      Plaintiffs,
13                                          ORDER
              v.
14
     NEVADA COUNTY, et al.,
15
                      Defendants.
16

17

18        This matter is before the court on two discovery motions.  Plaintiffs move (1) for a

19   protective order to safeguard the name of a third-party witness (ECF No. 41); and (2) to compel

20   initial disclosures from defendants despite the pendency of motions to dismiss (ECF No. 42).

21   These discovery motions were referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1).

22   Both motions were briefed by joint statement and taken under submission.  ECF No. 43.  For the

23   reasons stated below, the court GRANTS the motion to compel and DENIES the motion for a

24   protective order.

25                        I.        Relevant Background

26        Plaintiffs are pursuing civil rights claims under 42 U.S.C. § 1938, the Rehabilitation Act,

27   the Americans with Disabilities Act, and the California Constitution, all arising from the death of

28   25 year-old Gabriel Strickland on January 1, 2020, at the hands of law enforcement officers

                                          1

employed by the Nevada County Sheriff's Office and the Grass Valley Police Department. ECF No. 1 at 2. The case was filed on January 28, 2021. ECF No. 1. Currently pending before the District Judge assigned to this case are motions to dismiss from Nevada County (ECF No. 14), the City of Grass Valley (ECF No. 16), and defendants Shannan Moon, Taylor King, Brandon Tripp, and Joseph McCormack (ECF No. 27).

## II.    Motion to Compel

Plaintiff asks the court to compel defendants to make initial disclosures despite the pendency of the various motions to dismiss. ECF No. 42-1 at 1. Defendant Grass Valley argues that its Rule 26(f) scheduling report contained objections to making initial disclosures until the resolution of pending motions to dismiss, and they are waiting for the District Judge's ruling on those objections. Id. at 5. Defendants Nevada County and Wellpath Management Inc. argue that "it is premature to exchange initial Rule 26 disclosures and commence with discovery until after the multiple pending motions to dismiss are decided." Id. at 7-8. Plaintiffs argue that prompt discovery may reveal information relevant to the outcome of the pending motions to dismiss, because the central issue in these motions is the reasonableness of the use of deadly force, and the defenses asserted are fact based. Id. at 4.

A.  Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting

discovery has the burden of showing why discovery was denied; they must clarify and support

their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or

boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis

for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist.

Court, 408 F.3d 1142, 1149 (9th Cir.2005).

   B.  Initial Disclosures Must be Made

  Rule 26(a)(1)(C) states that Rule 26 disclosures should be made within 14 days after the

parties' Rule 26(f) conference unless (1) "a different time is set by stipulation or court order" or

(2) "a party objects during the conference that initial disclosures are not appropriate in this

action." If such an objection is made, the court must determine the timing and content of

disclosures. Id. Here, objections were made,[1] but following a full review of the objections and

the procedural posture of this case, the undersigned finds no reason to delay discovery.

  "The pendency of a motion to dismiss almost never serves to excuse compliance with

initial disclosure obligations." Canter & Assocs., LLC v. Teachscape, Inc., No. C 07-3225 RS,

2008 U.S. Dist. LEXIS 108532, 2008 WL 191978, at *1 (N.D. Cal. Jan. 22, 2008). As Chief

Judge Kimberly J. Mueller has concisely stated, "[w]here the Ninth Circuit has spoken on the

issue, it has indicated that a district court may abuse its discretion if it stays discovery during the

pendency of a motion to dismiss if the discovery is relevant to the potentially dispositive motion."

Espineli v. Toyota Motor Sales, U.S.A. Inc., No. 2:17-cv-00698-KJM-CKD, 2019 WL 3080808,

at *2 (E.D. Cal. July 15, 2019) (citing, inter alia, Alaska Cargo Transport, Inc. v. Alaska R.R.

Corp., 5 F.3d 378, 383 (9th Cir. 1993); Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987)).

Judge Mueller noted that the Ninth Circuit often employs a two-part test: delaying discovery may

be appropriate if: (1) the pending motion is potentially dispositive of the case, or at least would

render unnecessary the discovery at issue; and (2) the pending motion can be decided absent

additional discovery. Id. The first prong is not satisfied if disposition of the motion would likely

---

[1] Defendants contend that because the issue was raised in the 26(f) report, the issue is properly before the District Judge and not the Magistrate Judge. ECF No. 42-1. At this juncture, because the matter was raised in a motion to compel, it is automatically referred to the undersigned as a discovery matter pursuant to E.D. Cal. Local Rule 302(c)(1).

involve leave to amend. See, e.g., Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-CV-02630, 2011 WL 489743, at *9 (E.D. Cal. Feb. 7, 2011) (finding a pending motion to dismiss not dispositive of the case where the Magistrate Judge anticipated that, even if the motion were granted, the District Judge would grant leave to amend.)

Here, the undersigned anticipates that if the motion is granted plaintiffs will have an opportunity to amend. Nevada County's motion, for example, seeks to dismiss several causes of action because plaintiffs make "conclusory allegations" that "lack factual content" and are therefore insufficient to state a claim. ECF No. 14 at 6-11. Defendant Grass Valley's motion to dismiss makes factual arguments regarding the constitutionality of officers' use of force based on allegations in plaintiffs' complaint that Mr. Strickland "pointed a black toy airsoft rifle with an orange tip on the barrel … in the direction of Defendants Brandon Tripp, Brian Hooper, and Conrad Ball." ECF No. 16-1 at 4-9. Either of these motions, if granted, would likely be granted with leave to amend. This favors proceeding with discovery.

Further, in their Rule 26(f) report, plaintiffs identify specific areas of discovery they assert are necessary to their defense against the pending motions to dismiss, including: "(a) the use of force by the officers in the field, (b) the actions of the respective supervisors before and during the incident, (c) the training of the field officers in the use of force with attention to de-escalation and negotiation techniques and dealing with mentally disabled persons; (d) the condition of the Airsoft rifle during the incident; (e) communications between the field offices and their respective headquarters and supervisors, and (f) the communications between the NCSO at the Wayne Brown Correctional Facility and the Nevada County Probation Department and the district attorney's office about the mental health of Gabriel Strickland while he was in custody between December 26-29, 2019." ECF No. 35 at 6. The court is persuaded that initial disclosures and early discovery are relevant to potential amendment, and also could potentially lead to judicially noticeable documents, admissible on a motion to dismiss, that could be relevant to plaintiffs' defense of the pending motions. Under such circumstances the Federal Rules and the case law support requiring Rule 26 disclosures at this stage, rather than after pending motions to dismiss are decided.

1    For these reasons, the motion to compel is GRANTED and the parties are ordered to

2    exchange Rule 26 initial disclosures within fourteen days.

3                        **III.    Motion for Protective Order**

4        Plaintiffs ask for a protective order in which a third-party witness's "name, contact

5    information, and the detailed subject matter he/she will testify about will be made available only

6    to 'Counsel of Record' as defined in the [approved general] Protective Order."  ECF No. 41-1 at

7    2.  Upon court approval, plaintiffs intend prepare a FRCP 45 deposition subpoena for the witness

8    and disclose the witness's name, contact information, and more detail on the subject matter of the

9    testimony to opposing counsel.  Id.  Plaintiffs assert that the third-party witness in question has

10   important testimony to give but is "in reasonable fear of intimidation or physical harm" – but

11   once "his testimony is made under oath, the protective order can be vacated."  Id. at 4.

12       Defendants oppose the motion, arguing plaintiff's allegations that the third-party witness

13   fears intimidation and physical harm are conclusory and unsupported.  Id. at 6.  Defendants also

14   argue that the proposed protective order is unreasonably one-sided and prejudicial.  For example,

15   defendant Nevada County argues it will prejudice its ability to "adequately prepare for the

16   deposition without the ability to identify the witness to the Nevada County Defendants and confer

17   with them prior to the proceeding."  Id.

18     A.  Standard on Motion for Protective Order

19       Under the Federal Rules of Civil Procedure, the method available to limit the breadth or

20   use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c).  This rule

21   states in relevant part:

22            A party or any person from whom discovery is sought may move for
              a protective order in the court where the action is pending[.] The
23            motion must include a certification that the movant has in good faith
              conferred or attempted to confer with other affected parties in an
24            effort to resolve the dispute without court action. The court may, for
              good cause, issue an order to protect a party or person from
25
              annoyance, embarrassment, oppression, or undue burden or
26            expense[.]

27   Fed. R. Civ. P. 26(c).  Options available to the court include, in part, "forbidding the disclosure or

28   discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or

                                            5

discovery to certain matters." Id. District courts have broad discretion to determine whether a

protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times

Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors

Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the

burden of proving "good cause," which requires a showing "that specific prejudice or harm will

result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland,

661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,

1130 (9th Cir. 2003)).

   B. Plaintiffs Have Not Shown Good Cause

        Plaintiffs' motion for a protective order does not establish good cause, especially

considering the potential prejudice to the defendants. Federal Rule 26(a)(1)(A)(i) states that

except as otherwise "[o]rdered by the court, a party must, without awaiting a discovery request,

provide to the other parties: (i) the name, and if known, the address and telephone number of each

individual likely to have discoverable information- along with the subjects of that information -

that the disclosing party may use to support its claims or defenses, unless the use would be solely

for impeachment[.]" In order to obtain a protective order permitting them to deviate from this

rule, plaintiffs must show "good cause," including a specific showing of harm. "Broad

allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy

the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992),

quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir.1986).

        Here, plaintiffs broadly allege that the third-party witness in question is "in reasonable

fear of intimidation or physical harm." ECF No. 41-1. This is not sufficiently specific to

constitute good cause. It is also unclear why the witness's fear of intimidation or physical harm

would disappear only after his or her deposition is taken. Plaintiffs' proposed "attorneys' eyes

only" approach would impede defendants' preparation for depositions and is not supported by

good cause. For these reasons, the plaintiffs' motion for a protective order is DENIED.

////

////

6

**IV.    Conclusion**

Plaintiffs' motion to compel discovery (ECF No. 42) is GRANTED and the parties are ordered to exchange Rule 26 initial disclosures within fourteen days.  Plaintiff's motion for a protective order (ECF No. 41) is DENIED.

IT IS SO ORDERED.

DATED:  May 19, 2021.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE