Patrick H. Dwyer, SBN 137743
P.O. Box 1705, Penn Valley, CA 95946
Tel: (530) 432-5407; Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com
Attorney for Plaintiffs Estate of Gabriel Strickland,
N.S., and Shawna Alexander

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Estate of Gabriel Strickland, N.S., and
Shawna Alexander,
    Plaintiffs,

vs.

Nevada County, California, et al.,
    Defendants.

CASE NO.: 2:21-CV-000175-MCE-AC

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF
JUDGMENT PURSUANT TO FRCP
54(b) AND FOR STAY OF THE
REMAINING PROCEEDINGS**

Date: May 26, 2022
Time: 2:00 pm

Courtroom 7, 14th floor

The Honorable Morrison C. England

I.    **Introduction**

    The Court's Order (ECF 68) (the "Order") dismissed without leave to amend

Claims One to Five, Nine to Thirteen, Seventeen to Eighteen, Twenty to Twenty

Four and dismissed from the action Defendants City of Grass Valley, Grass Valley

Police Officers Gammelgard, Hooper, Grube, and Ball, Nevada County Sheriff

Moon, and Nevada County Sheriff's deputies King and Tripp.  These claims

generally alleged liability for the use of excessive force and are hereafter referred to

1

as the "UOF Claims".  The Order left Plaintiffs to proceed on Claims Six to Eight, Fourteen to Sixteen, Nineteen, and Twenty Five against Defendants Nevada County, Wellpath, NCSD Officer McCormack, and Wellpath medical employees Brent Weldemere and Richard Donofrio.  These claims generally alleged liability based upon deliberate indifference to providing appropriate medical care for Gabriel Strickland and are hereafter referred to as the "Medical Claims".  Order at p. 11:6-14.

The Order presents a model example for a FRCP 54(b) motion to certify the dismissed claims for appeal.  The UOF Claims are clearly severable from the Medical Claims and the legal questions that will be presented on appeal are unique and do not overlap with the legal issues presented by the Medical Claims.  Judicial economy will be best served by immediate appeal of the UOF Claims.  Moreover, there is no prejudice to the dismissed parties from an immediate appeal, whereas a delay in appeal will seriously prejudice Plaintiffs and could jeopardize the preservation of evidence.

II.   **Applicable Law**

A.   **FRCP 54(b) and Entry of Judgment On Less Than All Claims**

FRCP 54(b) allows the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The most important consideration for the court is the balancing of the inconvenience and cost of piecemeal review juxtaposed against the possible denial of justice by delay in seeking review. *Dickinson v.*

*Petroleum Conversion Corp.,* 338 U.S. 507, 512 (1950).  The Supreme Court explained that "[t]he liberalization of our practice to allow more issues and parties to be joined in one action and to expand the privilege of intervention by those not originally parties has increased the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had." *Id.* at 511.

In applying FRCP 54(b), a district court first determines whether the subject order constitutes a final judgment: i.e., that the order decides one or more cognizable claims for relief in a manner that is final because there is an ultimate disposition of the claim(s) in a multiple claims action.  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)("*Curtiss-Wright*").  Second, the district court must then find that there is no "just reason" for delay.  *Id.* at 8.

B.   **Just Reason**

The question of whether there is any just reason for delay should be premised upon judicial efficiency, but balanced against the hardship caused by delaying an appeal until all claims are resolved. *Curtiss-Wright* at 8.  The judicial efficiency factor is primarily a matter of the prospect for piecemeal appeals.   Against this, the court should weigh several factors, including: (1) are the claims to be taken up on immediate appeal severable from the remaining claims that would proceed through discovery and adjudication; (2) would the court of appeal face a likely prospect of having to decide the same issues twice if the FRCP 54(b) entry of judgment was granted and there were subsequent appeals from the remaining claims that were

3

further litigated; (3) would deciding the issues in an early appeal avoid duplication of litigation and subsequent appeal; (4) would the moving party be prejudiced by having to wait for conclusion of the litigation of the remaining claims; and (5) would early appeal assist with the preservation of evidence. *Curtiss-Wright* at 8-9. See also, *Wood v. GCC Bend, LLC*, 422 F. 3d 873, 878 (9th Cir. 2005), and *Paskenta Band of Nomlaki Indians v. Crosby*, (E.D. Cal 2017) 2017WL698272 at p. 2 (Court granted motion to certify).

III.   **Application to this Action**

    A.   **The Court's Order Constitutes a Final Judgement**

The Order dismissed the UOF Claims without leave to amend and dismissed from the action Defendants City of Grass Valley, Grass Valley Police Officers Gammelgard, Hooper, Grube, and Ball, Nevada County Sheriff Moon, and Nevada County Sheriff's Deputies King and Tripp.  With respect to the UOF Claims and these defendants, the Order was a *final resolution* of all allegations. Thus, the Order is, for all practical purposes, a "final judgement" that qualifies for a FRCP 54(b) motion for formal entry of judgement.

    B.   **The Claims Are Severable**

The UOF Claims and the Medical Claims have separate factual and legal foundations.

The UOF Claims are premised on the acts and omissions regarding the use of force in the confrontation between the law enforcement officers and Gabriel Strickland.  The legal briefs in support of,  and opposition to, the Defendants'

4

Motion to Dismiss (ECF 60-1 and 63), followed by the Court's Order, clearly delineate the divergent interpretation of the "totality of the circumstances" test under *Graham v. Conner*, 490 U.S. 386 (1989), making the UOF Claims ready for review by the Court of Appeals.

The Medical Claims are premised upon the acts and omissions of Nevada County and Wellpath (and their medical personnel) at the Wayne Brown Correctional Facility concerning whether Gabriel Strickland was appropriately released from custody without mental health evaluation and treatment. These claims seek to impose liability under different legal theories and against different parties than the UOF Claims, and accordingly, can be litigated separately.

C.     **There is No Just Reason for Delay**

1.     **Legal Issues Will Only Have to be Decided Once**

The legal issues for the UOF Claims are wholly distinguishable from the legal issues in the Medical Claims.  Although there is minor factual overlap with regard to the ultimate events that lead to the death of Gabriel Strickland that will involve evidence about the actual shooting incident, the Medical Claims do not present the same legal issues. Resolution of the parties differences regarding the correct application of the totality of the circumstances test for the UOF Claims will only need to be decided once, making FRCP 54(b) certification appropriate.

Indeed, the early appeal of the UOF Claims is more likely to *prevent* than to *cause* multiple appeals.  Most of the facts for the UOF Claims are now

5

known through written discovery[1] and resolution on appeal of the legal issues for

the UOF Claims may well lead to a settlement of these claims.  Moreover, once the

disputed legal issues are resolved and a trial is held, there will be a reduced chance

for another appeal.[2]

### 2.   Plaintiffs Would be Seriously Prejudiced By Delay

A delay in appeal of the UOF Claims would seriously prejudice

Plaintiffs, while it would greatly benefit the UOF Dismissed Defendants.  Justice

delayed may well be justice denied in this case.  The death of Gabriel Strickland

caused great emotional and psychological harm to Plaintiffs.  The best way to

mitigate such further harm is to have the Court of Appeals resolve the legal issues

for the UOF Claims.

### 3.   Early Appeal Will Save Judicial Resources

If the UOF Claims are legally sound and some or all of the UOF

Claims are allowed to proceed after appeal, then Plaintiffs will be able to bring the

entire matter to a jury for decision along with the Medical Claims in a single trial.

This would be the most economical use of judicial resources.  If the UOF Claims

have been correctly dismissed under the Order, then this will be confirmed on

appeal and the case will proceed to trial on the Medical Claims.  This type of

---

[1]     Written discovery had been substantially completed and deposition testimony was about to begin as of the date of the Order.

[2]     Plaintiffs observe that neither anye of the Defendants, nor the Court, raised any legal arguments against the Medical Claim, indicating that these claims will be resolved on factual grounds.

judicial economy is a primary purpose of FRCP 54(b) certification.

### 3.  Loss of Evidence Through Delay of Appeal

If the legal issues for the UOF Claims are not allowed to be appealed at this time, there is a serious concern that important evidence will be lost. Memories fade and the testimony of the Dismissed Defendants and percipient witnesses should be heard as soon as practicable.  See note 1, *supra*.

## IV.  Conclusion

Based upon the foregoing, Plaintiffs' motion pursuant to FRCP 54(b) for entry of a final judgement based upon the Order should be granted as soon as practicable. The sooner the legal issues are resolved, the sooner oral testimony can be preserved.

In addition, the Court should order a stay of the remaining case, i.e., prosecution of the Medical Claims, pending resolution of Plaintiffs' appeal of the Order.  Holding two separate trials would be a serious waste of judicial resources and unnecessarily prejudicial to Plaintiffs.

Dated: April 15, 2022                              Respectfully,


By:  /s/  Patrick H. Dwyer
Patrick H. Dwyer, SBN 137743
P.O. Box 1705; 17318 Piper Lane
Penn Valley, CA  95946
Tel: 530-432-5407; Fax: 530-432-9122
pdwyer@pdwyerlaw.com