1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11  ESTATE OF GABRIEL STRICKLAND,          No.  2:21-cv-00175-MCE-AC
    et al.,
12
            Plaintiffs,
13                                          **ORDER**
        v.
14
    NEVADA COUNTY, et al.,
15
            Defendants.
16

17

18          Through this action, the Estate of Gabriel Strickland, N.S., and Shawna Alexander

19  ("Plaintiffs") seek to recover damages from the following sets of Defendants:  (1) Nevada

20  County, Sheriff Shannon Moon ("Moon"), Deputy Taylor King ("King"), Deputy Brandon

21  Tripp ("Tripp"), and Officer Joseph McCormack ("McCormack") (collectively, "County

22  Defendants"); (2) the City of Grass Valley, Chief Alex Gammelgard ("Gammelgard"),

23  Officer Brian Hooper ("Hooper"), Officer Dennis Grube ("Grube"), and Officer Conrad Ball

24  ("Ball") (collectively, "City Defendants"); and (3) Wellpath Management, Inc. ("Wellpath"),

25  Brent Weldemere ("Weldemere"), and Richard Donofrio ("Donofrio") (collectively,

26  "Wellpath Defendants").  On April 1, 2022, through Memorandum and Order, this Court

27  granted City Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and

28  County Defendants' Joinder in that Motion without leave to amend.  ECF No. 68.  Claims

One, Two, Three, Four, Five, Nine, Ten, Eleven, Twelve, Thirteen, Seventeen, Eighteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, and Twenty-Four were dismissed as were the following Defendants:  Moon, King, Tripp, City of Grass Valley, Gammelgard, Hooper, Grube, and Ball.  This action is currently proceeding on Claims Six, Seven, Eight, Fourteen, Fifteen, Sixteen, Nineteen, and Twenty-Five against Defendants Nevada County, Joseph McCormack, Wellpath, Weldemere, and Donofrio.  Presently before the Court is Plaintiffs' Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b)[1] and for Stay of the Remaining Proceedings.  ECF No. 69 ("Pls.' Mot.").  All three sets of Defendants have each filed Statements of Non-Opposition.  ECF Nos. 71–73.

Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The original purpose of Rule 54(b) was, given the modern practice of joining multiple parties and claims into a single action, to reduce uncertainty as to what constituted a final judgment that was ripe for appeal.  Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511–12 (1950); see also Gelboim v. Bank of Am. Corp., 574 U.S. 405, 410 (2015) ("Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims . . . .").  In determining whether to direct entry of a final judgment under Rule 54(b), courts must consider (1) whether it has rendered a "final judgment," and then (2) "whether there is any just reason for delay."  Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)).  Regarding any just reason for delay, district courts may consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  Curtiss-Wright, 446 U.S. at 8 & n.2 ("[I]f the district court

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1  concluded that there was a possibility that an appellate court would have to face the

2  same issues on a subsequent appeal, this might perhaps be offset by a finding that an

3  appellate resolution of the certified claims would facilitate a settlement of the remainder

4  of the claims.").  While "[t]he Court has eschewed setting narrow guidelines for district

5  courts to follow," Wood, 422 F.3d at 878 n.2, its "discretion is to be exercised 'in the

6  interest of sound judicial administration,'" Curtiss-Wright, 446 U.S. at 8 (quoting Sears,

7  Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).

8           Here, there is no doubt that the dismissal of the aforementioned claims and

9  Defendants constitutes a final judgment.  As for whether there are any just reasons to

10  delay, Plaintiffs assert that the dismissed claims were "premised on the acts and

11  omissions regarding the use of force in the confrontation between the law enforcement

12  officers and Gabriel Strickland," whereas the remaining claims "are premised upon the

13  acts and omissions of Nevada County and Wellpath (and their medical personnel) at the

14  Wayne Brown Correctional Facility concerning whether Gabriel Strickland was

15  appropriately released from custody without mental health evaluation and treatment."

16  Pls.' Mot. at 4–5.  Despite some minor factual overlap, both the dismissed and remaining

17  claims rely on different legal theories and are asserted against different Defendants,

18  which means that it is unlikely that the same set of issues will have to be addressed on

19  appeal again.

20           Based on the foregoing, Plaintiffs' Motion, ECF No. 69, is GRANTED.[2]  The Court

21  enters final judgment pursuant to Rule 54(b) as to Claims One, Two, Three, Four, Five,

22  Nine, Ten, Eleven, Twelve, Thirteen, Seventeen, Eighteen, Twenty, Twenty-One,

23  Twenty-Two, Twenty-Three, and Twenty-Four.  The Clerk of Court shall enter final

24  judgment in favor of Defendants Moon, King, Tripp, City of Grass Valley, Gammelgard,

25  ///

26  ///

27

28  _____
        [2] Because oral argument would not have been of material assistance, the Court ordered this
        matter submitted on the briefs.  E.D. Local Rule 230(g).

3

Hooper, Grube, and Ball.  Finally, this action is hereby STAYED pending the resolution of Plaintiffs' appeal.

IT IS SO ORDERED.

Dated:  May 12, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE