1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF GABRIEL STRICKLAND,          No. 2:21-cv-00175-DC-AC
     et al.,
12
                    Plaintiffs,
13
            v.                              ORDER GRANTING PLAINTIFFS' MOTION
14                                          FOR LEAVE TO FILE A SECOND
     NEVADA COUNTY, et al.,                 AMENDED COMPLAINT
15
                    Defendants.             (Doc. No. 119)
16

17          This matter came before the court on June 13, 2025 for a hearing on Plaintiffs' motion for

18   leave to file a second amended complaint. (Doc. No. 119.) Attorney Patrick H. Dwyer appeared

19   on behalf of Plaintiffs. Attorney Nichole Maria Santiago appeared on behalf of Defendants

20   Nevada County and Joseph McCormack. Attorney Lia Sta Maria Hsu appeared on behalf of

21   Defendants Wellpath Management Inc., Brent Weldemere, and Richard Donofrio. For the reasons

22   explained below, the court will grant the pending motion.

23                                        BACKGROUND

24          On January 28, 2021, Plaintiffs Estate of Gabriel Strickland, N.S. (a minor through his

25   guardian *ad litem*), and Shawna Alexander filed the complaint initiating this civil rights action

26   arising from the death of Gabriel Strickland in a shooting by law enforcement officers. (Doc. No.

27   1.) Defendants Wellpath Management Inc., Brent Weldemere, and Richard Donofrio filed

28   answers to Plaintiffs' original complaint. (Doc. Nos. 13, 46, 47.) Several other defendants filed

                                                  1

motions to dismiss Plaintiffs' original complaint, which the court granted in part and denied in part, and ultimately Plaintiffs were granted leave to amend their complaint. (Doc. No. 58.) On October 18, 2021, Plaintiffs filed the operative first amended complaint ("FAC"). (Doc. No. 59.)

In the FAC, Plaintiffs essentially allege that decedent Strickland was in custody in a Nevada County jail from December 26, 2019 through December 30, 2019, during which time he exhibited "unusual conduct and verbal expressions indicating that he had serious, active mental health issues," yet the jail officer and two jail nurses (Defendants Officer Joseph McCormack, Brent Weldemere, and Richard Donofrio) failed to provide an appropriate mental health examination or take any action to place him under an involuntary hold for psychiatric evaluation. (*Id.* at ¶ 29.) Consequently, the Nevada County Superior Court was unaware of Strickland's mental health problems when it ordered him released from custody on December 30, 2019. (*Id.* at 31.) A few days later, on January 1, 2020, law enforcement officers responded to reports of a man walking with a shotgun and shouted commands at him to "drop the gun." (*Id.* at ¶¶ 25, 66–75.) That man was Strickland carrying a black toy airsoft rifle with an orange tip on the barrel. (*Id.* at ¶ 26.) Strickland did not comply with the officers' commands, though he did tell them the gun was not real and was a "B.B. gun," pointing to the orange plastic tip. (*Id.* at ¶¶ 66–75.) Strickland continued to hold the toy gun and sometimes pointed it in the direction of the officers, which led the officers to employ a taser and then open gunfire, shooting Strickland several times and killing him. (*Id.* at ¶¶ 84–87.)

Based on those allegations, Plaintiffs' FAC asserts twenty-five claims, including federal claims under 42 U.S.C. § 1983 for excessive use of force and deliberate indifference to serious medical needs, federal claims under the Rehabilitation Act and Americans with Disabilities Act ("ADA"), and state law claims for excessive use of force, assault/battery, negligence, wrongful death, and medical malpractice. (*Id.* at 31–75.) Defendants Wellpath Management Inc., Brent Weldemere, and Richard Donofrio again filed an answer to the FAC. (Doc. No. 64.) The other defendants filed motions to dismiss, which the court granted on April 1, 2022, specifically dismissing without leave to amend Plaintiffs' claims for excessive use of force, claims under the Rehabilitation Act and ADA based on alleged discrimination and failure to accommodate in the

1    use of force on Strickland, as well as the state law claims of assault/battery, negligence, and

2    wrongful death. (Doc. No. 68.) Thus, the court ordered this action proceed only on: Plaintiffs'

3    claims of deliberate indifference to serious medical needs brought against the individual

4    Defendants Joseph McCormack, Brent Weldemere, and Richard Donofrio; the municipal

5    Defendant Nevada County; and the entity Defendant Wellpath Management Inc.; as well as

6    Plaintiffs' ADA claim brought against Defendants Nevada County and Wellpath Management

7    Inc. based on alleged failures to provide appropriate mental healthcare for Strickland while he

8    was incarcerated in the county jail. (*Id.* at 11.)

9         Plaintiffs appealed the court's April 1, 2022 order to the Ninth Circuit, and this case was

10   stayed pending resolution of that appeal. (Doc. Nos. 74, 76.) On July 26, 2023, the Ninth Circuit

11   issued its mandate, affirming the court's April 1, 2022 order in its entirety. (Doc. No. 84.)

12        The parties thereafter filed a joint status report regarding scheduling as directed by this

13   court on September 1, 2023, but the court did not address that report or issue a scheduling order

14   until six months later, on April 9, 2024. (Doc. Nos. 87, 90.) That scheduling order provided a

15   deadline of September 2, 2024 for Plaintiffs to file a second amended complaint. (*Id.* at 4.)

16        The discovery phase of litigation continued, and on August 1, 2024, Plaintiffs filed a

17   motion to compel discovery responses, which the court granted in part on September 27, 2024.

18   (Doc. Nos. 91, 93.) Plaintiffs did not file a second amended complaint by the September 2, 2024

19   deadline, nor file a request for an extension of that deadline.[1]

20        On November 15, 2024, Wellpath Management Inc. filed a notice of filing of bankruptcy,

21   which led to an automatic stay of proceedings in this case. (Doc. No. 107.) While this case was

22   stayed, Plaintiffs sought and received permission from the bankruptcy court to file in this court a

23   motion for leave to file a second amended complaint. (*See* Doc. No. 117.)

24        On May 1, 2025, Plaintiffs filed the pending motion for leave to file a second amended

25   complaint. (Doc. No. 119.) On May 15, 2025, Defendants Nevada County and Joseph

26   McCormack (the "County Defendants") filed an opposition to Plaintiffs' motion. (Doc. No. 121.)

27   ───────────────────

28   [1]  This action was reassigned to the undersigned district judge on October 10, 2024. (Doc. No. 99.)

3

1    Also on May 15, 2025, Defendants Wellpath Management Inc., Brent Weldemere, and Richard

2    Donofrio (the "Medical Defendants") filed a statement of non-opposition to Plaintiffs' motion.

3    (Doc. No. 122.) On May 22, 2025, Plaintiffs filed a reply in support of their pending motion.

4    (Doc. No. 123.)

5         On May 28, 2025, the court lifted the stay of this case and specially set Plaintiffs' motion

6    for a hearing on June 13, 2025. (Doc. No. 125.)

7                                   **LEGAL STANDARD**

8         "A party may amend its pleading once as a matter of course within: (A) 21 days after

9    serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after

10   service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

11   whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party must seek leave of court to

12   amend a pleading or receive the opposing party's written consent. *Id.*

13        The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be

14   freely given when justice so requires." *Id.* Though leave to amend need not be granted when the

15   amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

16   delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d

17   946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice

18   to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385,

19   1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Rsch. Inc.*, 401 U.S. 321, 330–31

20   (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v.*

21   *SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v.*

22   *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

23        In addition, if the scheduling order's deadline to amend the pleadings has passed, courts

24   apply Federal Rule of Civil Procedure 16 to determine whether to grant a party's request for leave

25   to amend the pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.

26   1992). Once issued, a scheduling order "may be modified only for good cause and with the

27   judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the

28   diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

4

1

**ANALYSIS**

2   In their motion for leave to file a second amended complaint, Plaintiffs explain that they

3 seek to amend their pleadings for the following reasons: (1) to remove the claims that the court

4 previously dismissed without leave to amend; (2) to substitute Wellpath LLC and California

5 Forensic Medical Group, Inc., as defendants in place of the incorrect entity Defendant Wellpath

6 Management Inc.; (3) to substitute Jennifer McCormack as a defendant in place of Defendant

7 Joseph McCormack, to correct the first name of that defendant; (4) to substitute Shannon Molloy

8 as a defendant in place of the Doe Defendant 1; (5) to revise factual allegations to conform to the

9 evidence obtained in discovery; and (6) to revise allegations to more clearly state the legal

10 theories for Plaintiffs' deliberate indifference, Rehabilitation Act, ADA, wrongful death, and

11 medical malpractice claims. (Doc. No. 119 at 2.)

12   In their opposition to the pending motion, the County Defendants contend Plaintiffs have

13 not been diligent in seeking to correct Defendant McCormack's first name or to amend their

14 pleadings to name the Doe Defendant 1 as Shannon Molloy, despite being aware of their correct

15 identities for several years.[2] (Doc. No. 121 at 3.) In their reply, Plaintiffs do not contest that they

16 were aware of the need for these corrections long before they filed the pending motion. But they

17 emphasize that this case was stayed during the appeal process, and once that process ended, the

18 County Defendants stipulated to setting a September 2, 2024 deadline for Plaintiffs to file a

19 second amended complaint, thereby waiving any purported objections on the grounds of undue

20 delay or prejudice. (Doc. No. 123 at 2–3.)

21   The court agrees that the appropriate time period for assessing Plaintiffs' diligence in

22 seeking to amend their pleadings is the time between the September 2, 2024 filing deadline and

23 the filing of the motion on May 1, 2025. In the early part of that period, Plaintiffs' motion to

24 compel discovery was pending before the assigned magistrate judge. (*See* Doc. Nos. 91, 92.) That

25 motion was granted on September 27, 2024, and the court ordered further responses to be

26

27  [2] The County Defendants do not specifically oppose the substitution of the corrected Wellpath entity defendants, and as noted above, the Medical Defendants filed a statement of non-opposition

28 to the entirety of Plaintiffs' motion for leave to file a second amended complaint. (Doc. No. 122.)

produced within 14 days (i.e., by October 10, 2024). (Doc. No. 93.) Approximately one month after that production deadline, Defendant Wellpath Management Inc. filed the notice of bankruptcy that led to an automatic stay of this case. (Doc. No. 107.) Notably, rather than wait until the stay of this case lifted to seek to amend their pleadings, Plaintiffs filed a motion in the bankruptcy court less than a month later, on December 12, 2024, requesting a temporary/limited lift of the stay of this case so that Plaintiffs could seek leave from this court to file a second amended complaint. (*See* Doc. No. 117 at 1–2, 5.) In the bankruptcy court, the County Defendants and the Medical Defendants opposed Plaintiffs' efforts, leading to briefing through the early months of 2025. (*See* Doc. No. 117 at 5–8.) The bankruptcy court did not issue its order granting Plaintiffs' motion for a limited lift of the stay until March 26, 2025. (*Id.*) Plaintiffs informed this court of the bankruptcy court's March 26, 2025 order on April 7, 2025, (*id.*), and the court responded by setting a May 1, 2025 deadline for Plaintiffs to file their motion for leave to file a second amended complaint. (Doc. No. 118). Plaintiffs timely filed their pending motion on May 1, 2025, as directed. (Doc. No. 119.) In light of this context and procedural history, the court finds Plaintiffs were diligent in seeking to file a second amended complaint and finds good cause to amend the scheduling order under Rule 16.

As for whether leave to amend should be granted under Rule 15, the court likewise finds that permitting Plaintiffs to file their second amended complaint as proposed would not prejudice the County Defendants or produce undue delay in this litigation. Notably, Defendants cannot claim surprise in the proposed amendments because they too have been aware of the correct identity of the proposed new/corrected defendants, Jennifer McCormack and Shannon Molloy, for several years, and Plaintiffs' proposed revisions to their factual allegations to conform to the evidence is based on evidence Defendants produced in discovery. In addition, although this case was filed in 2021 and has been pending for over four years, the delays that have occurred since the agreed-upon September 2, 2024 amendment deadline have been primarily the result of the automatic stay due to the bankruptcy filing by the Wellpath entities—not a delay caused by Plaintiffs. Further, the court finds that Plaintiffs are not seeking to amend their pleadings in bad faith and that the proposed amendments would not be futile. Indeed, the County Defendants do

1    not argue that naming Jennifer McCormack and Shannon Molloy would be futile because they are

2    also incorrect defendants or not involved in the incidents that gave rise to this lawsuit. To the

3    contrary, it was the County Defendants who identified these individuals and informed Plaintiffs

4    of the need for correction. (*See* Doc. No. 121 at 5.) The court is also not persuaded by the County

5    Defendants' argument that amendment would be futile because Plaintiffs are seeking to reassert

6    claims that the court already dismissed. (*Id.* at 7.) As is clear from the proposed second amended

7    complaint that Plaintiffs attached as an exhibit to their motion, Plaintiffs are not reasserting

8    claims based on the excessive use of force allegations, including their former Rehabilitation Act

9    and ADA claims that were predicated on those use of force allegations. (*See* Doc. No. 119 at 5.)

10    Rather, Plaintiffs seek to assert claims based only on their allegations regarding "the failure of []

11    Strickland to receive mental health care while in custody at the Nevada County correctional

12    facility." (*Id.*)

13        For these reasons, the court finds good cause to permit Plaintiffs to file their second

14    amended complaint, as proposed, and will grant their motion for leave to do so.

15                                    **CONCLUSION**

16        For the reasons explained above,

17        1.    Plaintiffs' motion for leave to file a second amended complaint (Doc. No. 119) is

18              GRANTED;

19        2.    Plaintiffs shall file their second amended complaint, as proposed,[3] within seven (7)

20              days from the date of entry of this order; and

21    /////

22    /////

23    /////

24    /////

25    /////

26

27    [3] The court notes that in their proposed second amended complaint, Plaintiffs incorrectly refer to
     their last claim as the "twenty-fifth" claim, when it is actually the thirteenth claim. (See Doc. No.

28    119 at 39.) Thus, prior to filing their second amended complaint, Plaintiffs shall correct this error.

                                         7

3.    Following the appearance of the new defendants named in the second amended complaint, the court will set a deadline for the parties to file a joint status report regarding further scheduling of this case.

IT IS SO ORDERED.

Dated:   **July 16, 2025**

Dena Coggins
United States District Judge

8